## LEVY v. PARAMOUNT PICTURES, Inc. et al.

### No. 30488.

United States District Court,
N. D. California, S. D.
May 14, 1952.

788

Ralph Golub, Sidney Rudy, San Francisco, Cal., for plaintiff.

Melvin, Faulkner, Sheehan & Wiseman, San Francisco, Cal., for moving defendants.

OLIVER J. CARTER, District Judge.

This is an action by the plaintiff under the Sherman Anti-Trust Act (Clayton Act), 15 U.S.C.A. § 15 et seq. for treble damages. The plaintiff alleges that commencing on or about February 14, 1941 and continuing until May, 1942 he operated a motion picture theatre at Dinuba, California; that because of a conspiracy among the various defendants, including the moving parties here, he was unable to operate his theatre on a profitable basis and was compelled to dispose of his interest during the month of May, 1942 for the sum of $1; and that as a consequence he suffered damages in the amount of $150,000.

Defendants George M. Mann, Affiliated Theatres Service, Crestwood Pictures, Modesto Theatres, Noyo Theatres, Inc., Plaza Theatres, Inc., Redwood Theatres, Inc., Supreme Distributing Company, Trinity Theatres, Inc., Woodland Theatre Company, and Theatre Service Agency, have filed a Motion to Dismiss, contending among other things that the action as to them is barred by the statute of limitations and that the complaint fails to state a claim upon which relief can be granted against these defendants.

If the allegations of the complaint affirmatively show that the complaint is barred by the applicable statute of limitations, the complaint may be dismissed on motion for failure to state a claim upon

which relief can be granted. Suckow Borax Mines Consolidated v. Borax Consolidated, 9 Cir., 185 F.2d 196, 204.[1]

Here the complaint was filed April 23, 1951, and the period during which the plaintiff operated his theatre and during which these defendants and others could have conspired to and did unlawfully restrain trade to the damage of the plaintiff was from February 14, 1941, the starting date, and May, 1942, the closing date.

■ These defendants assert that any possible cause of action the plaintiff may have had is barred by Section 338(1) of the California Code of Civil Procedure. Their argument is predicated upon the premise that the Sherman Act itself contains no statute of limitations and that the courts have consistently applied that of the state wherein the alleged violations took place. Burnham Chemical Co. v. Borax Corp., 9 Cir., 170 F.2d 569, 576, and cases there cited. Section 338(1) of the California Code of Civil Procedure provides that an action founded upon a liability created by statute shall be commenced within three years. It is well established that the statute begins to run at the time the plaintiff's interest is invaded. Suckow Borax Mines Consolidated v. Borax Consolidated, supra, and cases cited therein. Consequently, in the instant case the statute began to run on the last day the plaintiff was possessed of any interest which could be invaded in the theatre at Dinuba, namely May, 1942, and expired during May of 1945 if nothing operated to toll or extend the statute.

■ The plaintiff first relies upon the Moratorium Act Oct. 10, 1942, c. 589, 56 Stat. 781, as amended, Act June 30, 1945, c. 213, 59 Stat. 306, 15 U.S.C.A. § 16 note, which was enacted by Congress to prevent the lapse of anti-trust causes while this country was at war and the efforts of the government and industry were concentrated upon a successful conclusion of that conflict. Under its provisions the statute's running was suspended from the period of October 10, 1942 until June 30, 1946. Taking May 31st as the last date of any possible infringement by the defendants of the plaintiff's rights, only four months had expired when the Moratorium Act became effective. Therefore, on June 30, 1946, when the Moratorium Act expired, there was the additional period of two years and eight months in which this action could have been commenced. That is, the plaintiff had until March, 1948 to initiate this action or it would be barred by the statute of limitations.

■ The plaintiff next attempts to come within the provisions of 15 U.S.C.A. § 16, which provides:

"Whenever any suit or proceeding in equity or criminal prosecution is instituted by the United States to prevent, restrain, or punish violations of any of the antitrust laws, the running of the statute of limitations in respect of each and every private right of action arising under said laws and based in whole or in part on any matter complained of in said suit or proceeding shall be suspended during the pendency thereof."

The anti-trust action which the plaintiff relies upon is U. S. v. Paramount Pictures, Inc., D.C., 70 F.Supp. 53, in which some of the defendants here were defendants. However, the complaint here fails to show that any of the moving defendants were parties to that action. It is settled that the provisions of 15 U.S.C.A. § 16 do not apply to a defendant who is not a party to the litigation conducted by the government. Momand v. Universal Film Exchanges, 1 Cir., 172 F.2d 37, 48; Christensen v. Paramount Pictures, D.C., 95 F.Supp. 446.

■ Finally, the plaintiff attempts to avoid the running of the statute of limita-

[1] "Appellants contend that the affirmative defenses of release and statute of limitations cannot be raised on a motion to dismiss but must, according to the terms of Rules 8(c) and 12(b), be asserted in an answer. We do not agree. In the first place a complaint may properly be dismissed on motion for failure to state a claim when the allegations in the complaint affirmatively show that the complaint is barred by the applicable statute of limitations. This is so because Rule 9(f) makes averments of time and place material for the purposes of testing the sufficiency of the complaint."

tions upon the theory that the first damage occurred during the period of the operation of his theatre from February 14, 1941, through May of 1942, but that, inasmuch as the conspiracy, which caused the damage, continued in existence up to the time of the filing of the complaint, he is entitled to recover damages from the date of the opening of the Dinuba Theatre on the 14th of February, 1941, to the date of the filing of the action. The doctrine that a continuing conspiracy results in a suspension of the statute of limitations has been considered by the Court of Appeals for the Ninth Circuit and rejected in the case of Suckow Borax Mines Consolidated v. Borax Consolidated, supra, and the case of Burnham Chemical Co. v. Borax Consolidated, supra. On their facts both cases are very similar to the case at bar, in that the plaintiff alleged he was driven out of business more than three years prior to the filing of the complaint, and the Court of Appeals in each instance held that an action under the Sherman Act was an action at law for damages, and the only damages recoverable were those occurring within three years immediately preceding filing of the complaint.

Here the only period of time during which the rights of the plaintiff could have been invaded to his damage was the period of time during which he operated the theatre, and the latest date on which injury could have occurred would have been sometime during the month of May, 1942. It is therefore clear that the plaintiff has not suffered any actionable injury within the three years immediately preceding the filing of his complaint, and his action is therefore barred by the provisions of Section 338(1) of the Code of Civil Procedure of the State of California, the applicable statute of limitations. It is further apparent that this statute of limitations has been neither tolled nor suspended by the provisions of the Moratorium Act, supra, or by the provisions of 15 U.S.C.A. § 16, supra. The motion of these moving defendants to dismiss the complaint as to them is therefore granted.

Counsel for the moving defendants is directed to prepare an order in accordance herewith.