FISCHBACH AND MOORE, INC., a corporation, C. D. Draucker, Inc., a corporation, Fischbach and Moore, Inc., and C. D. Draucker, Inc., a Joint Venture, Plaintiffs,

v.

INTERNATIONAL UNION OF OPERATING ENGINEERS, a labor organization and an unincorporated association, International Union of Operating Engineers, Local Unions Nos. 12, 12A, 12B, 12C and 12D, affiliated with the International Union of Operating Engineers, labor organizations and unincorporated associations, Defendants.

Civ. No. 1251-60.

United States District Court
S. D. California,
Central Division.

Nov. 6, 1961.

Hill, Farrer & Burrill, Los Angeles, Cal., for plaintiffs.

Brundage, Hackler & Flaum, Los Angeles, Cal., for defendants.

THURMOND CLARKE, District Judge.

This matter is before the court for consideration of several motions by de-

fendants. Because of the significant nature of the issues raised by defendants' motions to dismiss and strike, the court deems it necessary to file a separate opinion explaining the view taken on these motions.

The complaint in this action was filed on November 1, 1960, by two corporations and a joint venture as plaintiffs, for damages arising out of alleged unfair labor practices by defendant unions. The alleged union activities included strikes, picketing and work stoppages occurring at various times in February, May and July of 1957. Jurisdiction is based upon 28 U.S.C. § 1331 (existence of a federal question), 28 U.S.C. § 1332 (diversity of citizenship), 28 U.S.C. § 1337 (action under a federal statute relating to commerce) and, primarily, upon 29 U.S.C.A. § 187(b) (Labor Management Relations Act, § 303(b)), which provides as follows:

> "Whoever shall be injured in his business or property by reason or (sic) any violation of subsection (a) of this section [pertaining to unfair labor practices by labor organizations] may sue therefor in any district court of the United States subject to the limitations and provisions of section 185 of this title [not here material] without respect to the amount in controversy, or in any other court having jurisdiction of the parties, and shall recover the damages by him sustained and the cost of the suit."

■ Motions to dismiss the action for failure to state a claim upon which relief might be granted and to strike certain allegations of the complaint as immaterial, redundant and outlawed by the statute of limitations were filed by defendants. Defendants contend that this action is barred by the statute of limitations and the basic issue for determination herein is the correctness or error of that contention. Although the issue of limitations is normally an affirmative defense to be raised in the answer (F.R. Civ.P., Rule 8(c), 28 U.S.C.), where the passage of time is clearly apparent on the face of the complaint, it is well settled that the defense of limitations may be raised by a motion to dismiss. (Anderson v. Linton, 178 F.2d 304, 309–310 (7 Cir.1949); Wilson v. Illinois Central Railroad Company, 147 F.Supp. 513, 516 (D.C.N.D.Ill.1957); Wagner v. New York, Ontario and Western Railway, 146 F.Supp. 926 (D.C.M.D.Pa.1956); Wells v. Place, 92 F.Supp. 473 (D.C.N.D.Ohio 1950).) Such is the situation in the case at bar, if the defense is available at all.

■ No limitations provision is found in the Labor Management Relations Act or in any other federal statute which pertains specifically to actions brought under § 303 of the Labor Management Relations Act. In this situation, defendants argue that where a federal statute creates a cause of action but does not adopt a period of limitations, a federal court trying an action based on such statute should adopt some applicable state statute of limitations; in this case, it is generally conceded that the only arguably applicable state statute of limitations is California Code of Civil Procedure § 338, subd. 1, providing that an action upon a liability created by statute (other than a penalty or forfeiture) must be brought within three years. Plaintiffs, on the other hand, contend that the comprehensive scheme of federal regulation of the labor field and judicial interpretation thereof, particularly in the Lincoln Mills case (Textile Workers Union of America v. Lincoln Mills of Alabama, 353 U.S. 448, 77 S.Ct. 912, 1 L.Ed. 2d 972 (1957)), compel the conclusion that a uniform national regulation of labor activities is so essential that in the absence of an applicable federal statute of limitations, courts should apply no period of limitations until Congress decrees one, or, alternatively, that if some limitations period must be chosen, it should be selected from an analogous federal statute; the statute suggested is 15 U.S.C.A. § 15b, requiring suits for damages for violations of the antitrust laws to be brought within four years. The alleged activities in the case at bar occurred more

than three years but less than four years before this action was filed.

The question here presented, to wit, whether a state statute of limitations is properly applicable in a cause of action based upon § 303 of the Labor Management Relations Act, is one of first impression. Although a Tennessee limitations statute was applied in the case of United Mine Workers of America v. Meadow Creek Coal Co., 263 F.2d 52 (6 Cir.1959), cert. den. 359 U.S. 1013, 79 S.Ct. 1149, 3 L.Ed.2d 1038, the issue was *which of two* possible state statutes should be applied, the question of the proper applicability of *any* state statute apparently not being raised. No other published decision appears to bear on the question at all.

After careful consideration of this problem, the court has reached the conclusion that the often-expressed policy favoring a single, uniform, national labor law (see, e. g., San Diego Building Trades Council, Millmen's Union, Local 2020 v. Garmon, 359 U.S. 236, 240 et seq., 79 S.Ct. 773, 3 L.Ed.2d 775 (1959); Garner v. Teamsters Union, 346 U.S. 485, 488, 490, 74 S.Ct. 161, 98 L.Ed. 228 (1953)) compels the conclusion that diverse state statutes may not be permitted to qualify or undermine a federally-created right. Hence, California Code of Civil Procedure § 338, subd. 1 may not be invoked to bar this action and defendants' motions to dismiss and strike must be denied.

In reaching this result, the court takes as its point of departure the Lincoln Mills case (353 U.S. 448, 77 S.Ct. 912, 1 L.Ed.2d 972). Therein, the Supreme Court of the United States held that, in an action commenced under Section 301 of the Labor Management Relations Act, 29 U.S.C.A. § 185, federal courts were not bound to apply state substantive law but were instead to apply *federal substantive law* "which the courts must fashion from the policy of our national labor laws". (353 U.S., at pages 456–457, 77 S.Ct. at page 918.) The Lincoln Mills case thus stands clearly and unequivocally for the proposition that, in actions under Section 301 at least, variegated state rules must yield to a uniform federal rule which must be drawn from the statute where possible and from judicial interpretation where the statute is silent.

It is the opinion of the court that the reasoning of Lincoln Mills applies with as much, if not more, compelling force to actions brought under Section 303 of the Labor Management Relations Act. In the case of Section 301, a strong argument, which forms the basis of a lengthy dissent by Mr. Justice Frankfurter, had been presented to the effect that the statute was merely intended to be a grant of jurisdiction to federal courts over what had previously been a state cause of action for breach of contract. In rejecting the applicability of state law, the court had been forced to conclude that Section 301 "is more than jurisdictional—that it authorizes federal courts to fashion a body of federal law for the enforcement of these collective bargaining agreements * * *". (353 U.S., at pages 450–451, 77 S.Ct. at page 915.) Thus, what had clearly previously existed as a state cause of action was taken over as a federal cause of action to which federal law must be applied.

Actions under Section 303 are clearly of a different character. The right to bring an action for damages for unfair labor practices is a *federally-created right* which did not exist at state law. The statute patently confers *new substantive rights* and confers jurisdiction to enforce these rights upon both state and federal courts. In such a situation, it appears axiomatic that a uniform body of federal law should be developed to regulate the rights and obligations of parties and that the right to recover should not be conditioned upon the fortuitous operation of a tremendous variety of state statutes of limitations. With these principles in mind, the court applies the Lincoln Mills doctrine, by analogy, to actions brought under Section 303 of the Labor Management Relations Act.

As was noted in Lincoln Mills, "[i]t is not uncommon for federal courts to

fashion federal law where federal rights are concerned." (353 U.S., at 457, 77 S. Ct. at page 918.) Limitations upon the applicability of state law, including state statutes of limitations, and development of a uniform federal law, have been decreed by federal courts in numerous cases, including McAllister v. Magnolia Petroleum Co., 357 U.S. 221, 78 S.Ct. 1201, 2 L.Ed.2d 1272 (1958); Clearfield Trust Co. v. United States, 318 U.S. 363, 63 S. Ct. 573, 87 L.Ed. 838 (1943); and Davis v. Rockton & Rion R. R., 65 F.Supp. 67 (D.C.W.D.S.C.1946).

■ The court is fully cognizant of the fact that in many cases where federal statutes, which create federal rights of action, do not include a period of limitations, it has been the practice of state and federal courts to apply state statutes of limitations. (See, e. g., United Mine Workers of America v. Meadow Creek Coal Co., 263 F.2d 52, 61 et seq. (6 Cir. 1959), cert. den. 359 U.S. 1013, 79 S.Ct. 1149, 3 L.Ed.2d 1038; Reliford v. Eastern Coal Corporation, 260 F.2d 447, 455 (6 Cir.1958), cert. den. 359 U.S. 958, 79 S.Ct. 797, 3 L.Ed.2d 765; City of Atlanta v. Chattanooga Foundry & Pipeworks, 127 F. 23, 28 et seq., 64 L.R.A. 721 (6 Cir.1903), aff'd 203 U.S. 390, 397, 27 S.Ct. 65, 51 L.Ed. 241 (1906); Suckow Borax Mines Consolidated v. Borax Consolidated, Limited, 185 F.2d 196, 207 (9 Cir.1950), cert. den. 340 U.S. 943, 71 S. Ct. 506, 95 L.Ed. 680; Levy v. Paramount Pictures, 104 F.Supp. 787, 790 (D. C.N.D.Cal.1952); Reid v. Doubleday, 109 F.Supp. 354, 358 (D.C.N.D.Ohio 1952). And see cases collected in 15 U.S.C.A. 431 et seq.; 15 U.S.C.A. 1960 Cumulative Annual Pocket Part 148 et seq.) However, where the application of a state limitations provision " 'would be inconsistent with the terms or defeat the purposes of the legislation of Congress,' (citation), or defeat 'the assertion of Federal rights,' (citation)" such state statute does not and should not apply. (Davis v. Rockton & Rion R. R., supra, 65 F.Supp. 67, 71 et seq. (D.C.W.D.S.C.1946).)

The Davis case, supra (65 F.Supp. 67), involved an action under the Fair Labor Standards Act (29 U.S.C.A. § 201 et seq.) by railroad employees against their employer to recover unpaid minimum wages. At the time the action was brought there was no provision in the Act limiting the time for commencing action and no other applicable federal statute. The court held that no state statute of limitations could operate to bar the plaintiffs' action. The court stated (at page 72): "It is my opinion that the foregoing statute of limitations of South Carolina * * * unreasonably interferes with federal regulation of interstate commerce in violation of Article 1, Section 8 of the Constitution. The Fair Labor Standards Act is a statute regulating interstate commerce (citation), and is a matter of national concern. The purpose of the regulation is 'that interstate commerce should not be made the instrument of competition in the distribution of goods produced under substandard labor conditions,' (citation) and the Supreme Court has recognized that this purpose implies a 'Congressional policy of uniformity in the application of the provisions of the Act to all employers subject thereto.' (Citation) * * * It is a familiar doctrine that the prohibition of a federal statute may not be set at naught, or its benefits denied, by state statutes or state common law rules. To the federal statute and policy, conflicting state law and policy must yield. * * *" The reasoning of the Davis case is clearly applicable to the case at bar. Like the Fair Labor Standards Act, the Labor Management Relations Act is a statute relating to interstate commerce. Similarly, the statute is a matter of national concern and it has been recognized by the Supreme Court that the purposes underlying the Labor Management Relations Act imply a policy of uniform application of the statute to all persons subject thereto. Further, the prohibitions of the Act would be set at naught and its benefits denied to the plaintiffs herein if the California statute of limitations were applied. Finally, the plaintiffs in this action would receive treatment unequal to that accorded more fortunate plaintiffs in

other states having longer limitations periods, if California Code of Civil Procedure, § 338, subd. 1 were utilized by this court. For all these reasons, the court declines to so act.

The sole remaining issue is to determine what time limitation federal courts should place on actions brought under Section 303 of the Labor Management Relations Act in the absence of a specific federal statutory provision governing the matter. As was noted in Mr. Justice Brennan's concurring opinion in McAllister v. Magnolia Petroleum Co., supra, 357 U.S. 221, 229, 78 S.Ct. 1201, 2 L.Ed.2d 1272, this is a practical problem in the administration of justice. Five possible solutions may be chosen: (1) utilization of state statutes of limitations; (2) utilization of an arbitrary, judicially-enacted, period to be applied in all similar cases; (3) utilization of an analogous federal statute of limitations; (4) utilization of the equitable doctrine of laches; and (5) utilization of no period of limitations at all. Doubtless, all of these possible solutions have been employed by some courts in some situations. As has previously been indicated, this court declines to adopt the first solution, although it has been widely used, notably in actions under the antitrust statute (15 U.S.C.A. § 15), before the enactment of the federal limitations provision embodied in 15 U.S.C.A. § 15b. The court is further of the opinion that to enact an arbitrary federal limitations period by judicial fiat would go far beyond the province of the judiciary; consequently, the second solution must also be rejected.

An analogous federal statute of limitations was adopted in McAllister v. Magnolia Petroleum Co., supra, where, in a combined action for negligence under the Jones Act (46 U.S.C.A. § 688) and unseaworthiness under the general maritime law, the court applied the statutory limitation enacted by Congress in the Jones Act to the concurrent common law action for unseaworthiness. (357 U.S., at 224, 78 S.Ct. at page 1203) It has been suggested by plaintiffs in the case at bar that if the need is felt to apply some definite federal limitation to their right of action under Section 303 of the Labor Management Relations Act, an appropriate choice would be the four-year period prescribed by Congress in 15 U.S.C.A. § 15b to be applied in cases arising under the antitrust statute, 15 U.S.C.A. § 15. Although the types of rights created in the two statutes are similar in many respects, the court hesitates to adopt this suggestion because such a decision, which overlooks the many differences between the statutes and the differing Congressional policies which might be brought to bear, is ultimately tantamount to judicial legislation. Unlike the situation in McAllister, supra, the facts herein did not give rise to rights of action under the antitrust statute, and the two theories of action are of course in no way concurrent or interdependent.

Of the remaining solutions, the court is inclined to utilize a combination of the two. It is the court's strong opinion that where a choice of policy is to be made which limits the exercise of a legislatively created right, such choice is obviously most appropriately to be made by the legislative branch of the government. If Congress believes that stale claims are being prosecuted under Section 303, then it is up to Congress to determine the cutting-off point at which such claims are to be conclusively determined to be stale. Congress has previously done so, not only in the case of 15 U.S.C.A. § 15 (as amended by 15 U.S.C.A. § 15b), but also in the case of Section 10 of the Labor Management Relations Act (29 U.S.C.A. § 160), pertaining to issuance of complaints by the National Labor Relations Board for unfair labor practices (see National Labor Relations Board v. Pennwoven, Inc., 194 F.2d 521, 524–525 (3 Cir.1952)). Meanwhile, although in theory no limitations provision is in effect, as a practical matter the equitable doctrine of laches may be utilized to preclude recovery in any case where it appears that the plaintiff has delayed unconscionably in asserting his claim.

Accordingly, it will be ordered that defendants' motions to dismiss and strike be denied.

Order Ruling on Certain Motions.

This cause having come before the court for hearing on defendants' motions to dismiss, strike portions of the complaint, and for more definite statement; notice of which motions was filed February 23, 1961; and the matter having been argued and submitted for decision on March 6, 1961;

It now appearing to the court that the complaint herein states a claim upon which relief may be granted (see opinion filed herewith);

And it further appearing that the allegations of the complaint challenged by defendants' motion to strike are not immaterial, redundant or outlawed by the statute of limitations (see opinion filed herewith);

And it further appearing that the complaint should be made more definite and certain as to the matters detailed in defendants' motion for more definite statement, as follows:

*With respect to the First Cause of Action:* Item I(a);

*With respect to the Second Cause of Action:* Items 1(a); 2(a), (b) and (c);

*With respect to the Third Cause of Action:* Items 1(a); 2(a) and (b);

And it further appearing that, as to the remainder of the matters detailed in defendants' motion for more definite statement, the complaint is sufficiently certain to permit defendants to frame a responsive pleading thereto;

It is now therefore ordered that defendants' motion to dismiss is hereby denied.

It is further ordered that defendants' motion to strike is hereby denied.

It is further ordered that, in accordance with Rule 12(e), Federal Rules of Civil Procedure, defendants' motion for more definite statement is hereby granted as to the items detailed herein and denied as to the remaining items requested by defendants.

It is further ordered that the Clerk shall this day serve copies of this order, and of the opinion filed herewith, by United States mail upon the attorneys for the parties appearing in this cause.