**INTERNATIONAL UNION OF OPERATING ENGINEERS, ETC., Appellant and Cross-Appellee,**

v.

**FISCHBACH AND MOORE, INC., a corporation, et al., Appellees and Cross-Appellants.**

**No. 19476.**

United States Court of Appeals
Ninth Circuit.

Sept. 17, 1965.

Charles K. Hackler, Julius Reich, Brundage, Hackler & Roseman, Los Angeles, Cal., for appellant (cross-appellees).

Carl M. Gould, Stanley E. Tobin, Cecil E. Ricks, Jr., Hill, Farrer & Burrill, Los Angeles, Cal., for appellee (cross-appellant).

Before BARNES, JERTBERG, and ELY, Circuit Judges.

ELY, Circuit Judge:

This is an appeal by the appellant labor union from a judgment in favor of appellees, plaintiffs below, for damages arising out of alleged unfair labor practices. The action was brought under § 303 of the Labor Management Relations Act, 29 U.S.C. § 187, which provides in subsection (b) that "whoever shall be injured in his business or property by reason [of any unfair labor practice committed by a labor organization] may sue therefor in any district court of the United States * * *, or in any other court having jurisdiction of the parties, and shall recover the damages by him sustained and the cost of the suit."

The principal issue here involved is whether the action, filed more than three but less than four years after its accrual, is barred by lapse of time.

The problem arises because § 303 does not provide a time within which suit must be instituted. The court below, in reaching its decision, listed five possible solutions:

1. utilization of state statutes of limitations;

2. utilization of an arbitrary, judicially adopted period to be applied in all similar cases;

3. utilization of a federal statute of limitations applicable to suits of analogous nature;

4. utilization of the equitable doctrine of laches; and

5. utilization of no period of limitations at all.

Fischbach & Moore, Inc. v. International Union of Operating Eng'rs, 198 F.Supp. 911, 915 (S.D.Cal.1961). It concluded that, in cases such as this, the fifth solution, tempered by the fourth, is appropriate, and finding on the facts of the case that laches was not applicable, held that the action was not barred.

At the outset we must express our view that the trial court was clearly misguided in holding that actions under § 303 could be barred only by application of the equitable doctrine of laches. The court justified its decision by expressed concern for the interest of uniformity in the federally occupied field of labor relations. It rejected the California three-year statute of limitations, applicable to actions based on liability created by statute, Cal.Civ.Proc. Code 338, subd. 1, because to apply it, said the court, " ' "would be inconsistent with the terms or defeat the purposes of the legislation of Congress," or defeat "the assertion of Federal rights, * * *." ' " 198 F.Supp. at 914 (Citations omitted.). It is true that we cannot achieve perfect uniformity when fifty possible time periods of limitation may apply, but resort to the doctrine of laches, which adds complex factual considerations to each controversy, can create in every case a previously unknown period. This would result in time limitations inconsistent even within the same state where numerous controversies may have occurred. In short, adherence to the rule adopted by the court below could result only in uniform uncertainty.

There are strong reasons for the application of a six-month period, borrowed from § 10(b) of the LMRA, 29 U.S.C. § 160(b), which provides, "no complaint shall issue based upon any unfair labor practice occurring more than six months prior to the filing of the charge with the Board * * *." We think it is neither logical, nor just, nor in keeping with the policy which Congress has thus far articulated in the field of labor relations that

a six-month period shall limit the filing of a complaint with the Board and that some different period, be it based on laches or a different statute of limitations, shall operate to limit the time for commencing a suit for damages under § 303 based on the same alleged unfair labor practice. See Tully v. Fred Olson Motor Serv. Co., 56 L.R.R.M. 2960, 2964 (Wis.Cir.Ct.1964), rev'd, 134 N.W.2d 393 (Wis.1965). Given reasons for the enactment of § 10(b) were "to bar litigation over past events 'after records have been destroyed, witnesses have gone elsewhere, and recollections of the events in question have become dim and confused,' H.R.Rep. No. 245, 80th Cong., 1st Sess., p. 40, and of course to stablize existing bargaining relationships." Local Lodge No. 1424, International Ass'n of Machinists AFL–CIO v. NLRB, 362 U.S. 411, 419, 80 S. Ct. 822, 828, 4 L.Ed.2d 832 (1960) (Footnote omitted.). Certainly the distinctions between a complaint before the NLRB over an unfair labor practice and a private suit for damages for the same grievances are not so significant as to eliminate the same persuasive considerations of public policy which demanded the quick disposition of labor-management controversy. But while we are tempted by Mr. Justice Douglas's appeal for "judicial inventiveness", made in Textile Workers Union v. Lincoln Mills, 353 U.S. 448, 457, 77 S.Ct. 912, 923, 1 L.Ed.2d 972 (1957), we cannot adopt that phrase as a shibboleth to justify the pronouncement of a rule which would seem to be meet only for congressional action. In fact, the very presence of a six-month limitation period in § 10(b) and the absence of any period of limitation in § 301, 29 U.S.C. § 185, and § 303 make us more certain of our duty of forbearance.[1]

■ Unlike the states, Congress has enacted no general federal statute of limitations. As Mr. Justice Frankfurter wrote in Holmberg v. Armbrecht, 327 U.S. 392, 395, 66 S.Ct. 582, 584, 90 L.Ed. 743 (1946), "If Congress explicitly puts a limit upon time for enforcing a right which it created, there is an end of the matter. The Congressional statute of limitation is definitive. (Citations omitted.) The rub comes when Congress is silent." As a general rule courts bridge the lacuna created by congressional silence by application of periods of limitation prescribed by state statutes.

The Rules of Decision Act, 28 U.S.C. § 1652, provides that "the laws of the several states, except where the Constitution or treaties of the United States or Acts of Congress otherwise require or provide, shall be regarded as rules of decision in civil actions in the courts of the United States, in cases where they apply."[2] The provisions have remained substantially unchanged since the original enactment of § 34 of the Judiciary Act of

1. The Supreme Court of the United States has never been faced foursquare with the issue before us; however, Mr. Justice Black, dissenting in Smith v. Evening News Ass'n, 371 U.S. 195, 83 S.Ct. 267, 9 L.Ed.2d 246 (1962), pointedly wrote,

"Of course this Court could later, by another major statutory surgical operation, apply the six-months Labor Board Statute of Limitations to actions for breach of collective bargaining contracts under § 301. But if such drastic changes are to be wrought in the Act that Congress passed, it seems important to me that this Court should wait for Congress to perform that operation." 371 U.S. at 203, 83 S.Ct. at 272.

The majority, perhaps in an effort to show that its decision in Smith was not intended to be extended so far, pointed out that "An unfair labor practice charge could have been filed under § 10, but that remedy was not pursued and the present proceeding was commenced after the six-month period prescribed in § 10(b) had expired." 371 U.S. at 197 n. 5, 83 S.Ct. at 269.

2. It has been argued, perhaps as an academic exercise, that the Conformity Act, not the Rules of Decision Act, is the federal statute which requires a federal court to apply a state statute of limitations and that the Conformity Act was overruled by the adoption of the Federal Rules of Procedure. 49 Yale L.J. 738 (1940). The attitude of the Supreme Court has generally been to treat the matter in the context of the Rules of Decision Act. But see Hills & Co. v.

1789. The act has been applied to federal-question and diversity cases alike, and on several occasions the Supreme Court has held that the appropriate state statute of limitations should be applied in federal-question cases. E.g., Cope v. Anderson, 331 U.S. 461, 67 S.Ct. 1340, 91 L.Ed. 1602 (1947) (insolvency of a national bank); McClaine v. Rankin, 197 U.S. 154, 25 S.Ct. 410, 49 L.Ed. 702, (1905) (insolvency of a national bank); Campbell v. Haverhill, 155 U.S. 610, 15 S.Ct. 217, 39 L.Ed. 280 (1895) (patent infringement); McCluny v. Silliman, 3 Pet. (28 U.S.) 270, 7 L.Ed. 676 (1830) (sale of United States land). In the discussions of these and other related cases, it is often commented that if Congress had intended a specific period of limitations it would have provided for one.[3] In the instant case we are compelled to agree. The fact is that Congress has remained silent on the matter of a limitations period applicable to § 303, and it does not appear that the omission was unintentional or intended to require "judicial legislation". Unlike many facets of state law, state statutes of limitations are commonplace and familiar to Congress, which, cognizant of the general federal rule, cannot be presumed to have expected the courts to skirt it.

Other circuit courts have applied state limitations periods to actions under both § 303, United Mine Workers v. Meadow-

creek Coal Corp., 263 F.2d 52, 61 (6th Cir.), cert. denied, 359 U.S. 1013, 79 S.Ct. 1149, 3 L.Ed.2d 1038, (1959), and § 301, Reliford v. Eastern Coal Corp., 260 F.2d 447, 455 (6th Cir. 1958), cert. denied, 359 U.S. 958, 79 S.Ct. 797, 3 L.Ed.2d 765, (1959); see also Tully v. Fred Olson Motor Serv. Co., 134 N.W.2d 393 (Wis. 1965), reversing 56 L.R.R.M. 2960 (Wis. Cir.Ct.1964) (§ 301 case). Moreover, all law review critics of the decision here under review have written that the California statute of limitations should have controlled. 76 Harv.L.Rev. 1306 (1963); 60 Mich.L.Rev. 1164 (1962); 110 U.Pa.L. Rev. 1165 (1962); 64 W.Va.L.Rev. 442 (1962).

We are aware that, in certain circumstances, alternatives to the state periods of limitations may be adopted. E. g., McAllister v. Magnolia Petroleum Co., 357 U.S. 221, 78 S.Ct. 1201, 2 L.Ed.2d 1272, (1958); Holmberg v. Armbrecht, 327 U.S. 392, 66 S.Ct. 582, 90 L.Ed. 743, (1946). But here, the statute itself, its legislative history, and the pressing weight of authority lead us to hold that California's three-year limitations statute should have been applied. Appellant's motion for judgment of dismissal should have been granted.

Appellees' cross-appeal, presenting the contention that the recovery was improperly limited, becomes moot.

Reversed.

Hoover, 220 U.S. 329, 335-36, 31 S.Ct. 402, 55 L.Ed. 485 (1911).

For general discussions of time limitations and federal causes of action, see Blume & George, Limitations and the Federal Courts, 49 Mich.L.Rev. 937 (1951); Note, Federal Statutes Without Limitations Provisions, 53 Colum.L.Rev. 68 (1953); 49 Yale L.J., supra.

3. In criticizing the court below for failing to apply the state statute of limitations, one author has written, "Section 4 of the Clayton Act, granting the right to private anti-trust suits, is very similar to § 303(b). Congress took forty years to provide a limitations period for this section; during this time the courts were content to apply the state statute of lim-

itations. E.g., Suckow Borax Mines Consol. Inc. v. Borax Consol., Ltd., 185 F.2d 196 (9th Cir. 1950)." 110 U.Pa. L.Rev. 1165, 1168 n. 25 (1962).

The court below mentioned the possible application of the four-year period prescribed in the antitrust statute, 15 U.S.C. § 15b. 198 F.Supp. at 915. This has been urged by appellees as an alternative ground for upholding the trial court's decision. We believe, however, that no federally prescribed period of limitations can be viewed as so closely analogous as to warrant its adoption into § 303. If we believed ourselves empowered to lift a federally created period from another statute, the period prescribed in Section 10(b), closely related, would be the most appropriate.