[Civ. No. 69964. Second Dist., Div. Two. Oct. 11, 1984.]

PASCAL D. RODRIGUEZ, Plaintiff and Appellant, v.
SOUTHERN CALIFORNIA DISTRICT COUNCIL OF LABORERS et al.,
Defendants and Respondents.

COUNSEL

Arthur J. Jaffee and Carl C. Jensen for Plaintiff and Appellant.

Potts & Richman and Michael J. Shelley for Defendants and Respondents.

OPINION

**COMPTON, Acting P. J.**—In this action brought by a laborer against his union, the trial court entered a judgment of dismissal which was essentially

a judgment on the pleadings. The basis for the judgment was a bar of the statute of limitations. Plaintiff appeals. We reverse.

Plaintiff is a long-standing member of Local 783 of the Laborers International Union of North America (Union). As a result of a collective bargaining agreement between the Union and certain employers, a pension system was established for members of the Union.

In 1976, plaintiff applied for a disability pension. His application was denied for the reason he had suffered a so-called "break in service" during the required period of employment. That "break in service" resulted from plaintiff's working for employers who were not signatories to the collective bargaining agreement and who made no contributions to the pension fund.

■■■ The gravamen of plaintiff's complaint against the Union here is that the Union, in assigning plaintiff to jobs through its hiring hall, negligently assigned him to non-signatory employers and failed to advise him of the fact that such assignments would adversely affect his pension rights.

29 United States Code section 160(b) provides a six-month period of limitation on the filing of a complaint before the National Labor Relations Board alleging an unfair labor practice.

■■■ A union which is an exclusive bargaining agent for a group of employees has a duty to represent those employees fairly in enforcing the collective bargaining agreement. A failure to perform that duty constitutes an unfair labor practice. (*Vaca* v. *Sipes* (1966) 386 U.S. 171 [17 L.Ed.2d 842, 87 S.Ct. 903].)

29 United States Code section 185 authorizes the bringing of an action in either federal or state court for redress of certain unfair labor practices. While the statute itself does not provide a limitations period for the bringing of such actions, federal case law has determined that the applicable statute of limitations to actions for breach of the duty of fair representation is the six month period prescribed by 29 United States Code section 160(b). (*Del Costello* v. *International Brotherhood of Teamsters* (1983) 462 U.S. 151 [76 L.Ed.2d 476, 103 S.Ct. 2281].)

On the foregoing points, the parties are not in disagreement. Plaintiff argues, however, that his action is not based on an unfair labor practice or a breach of the duty of fair representation, hence the six-month statute is simply inapplicable. He further argues that even if that statute is applicable, the period begins to run only after he exhausted his administrative remedies.

We agree with plaintiff that a union member may have various causes of action against his union which do not amount to unfair labor practices or breach of the duty of fair representation. In such actions, of course, the provisions of 29 United States Code section 160(b) would not apply.

We cannot agree, however, with plaintiff's contention that the instant action is simply one for negligence or breach of fiduciary duty which is unrelated to the Union's representation of him vis-à-vis the employers.

In the first place, plaintiff's own complaint contains allegations which undercut his argument. For example, the complaint alleges: "Pursuant to a written contract, executed on June 15, 1962 in the County of San Bernardino, by Defendants, and each of them, and various building contractor associations, it was agreed that the various building contractor associations would contribute an amount designated and determined by Defendants, and each of them, to Defendant, TRUST FUND for the benefit of union members including Plaintiff, PASCUAL D. RODRIGUEZ. Said written contract has been effectuated and has been the basis for subsequent actions for decisions by Plaintiff and the Defendants herein. . . . [¶] Amongst the duties assumed by the Defendants, COUNCIL and LOCAL, as part of the written agreement described in paragraph 8, and as a matter of custom and practice of the Defendants, COUNCIL and LOCAL, was to enforce payment of pension contributions by employers of Plaintiff, as described in said written agreement, for the benefit of Plaintiff. This was in addition to other publicly stated objectives of the union including to negotiate wages and to secure employment for Plaintiff. [¶] Pursuant to the terms of the herein above referenced written contract, and by custom and practice, Defendants, LOCAL and COUNCIL, are charged with the duty to insure that employers to which union members, including Plaintiff, PASCUAL D. RODRIGUEZ, are assigned are signatories to union contracts and will pay contributions to Defendant, TRUST FUND, for benefit of union members. As the union representative of said union members and Plaintiff, PASCUAL D. RODRIGUEZ, Defendants, COUNCIL and LOCAL, owe a fiduciary duty and a duty to deal fairly and in good faith with and to each and every member of said union, including Plaintiff, PASCUAL D. RODRIGUEZ. . . . [¶] Defendants, and each of them, by failing to insure that all employers to which defendants, COUNCIL and LOCAL, assigned Plaintiff were signatories to a union contract and making contributions to said TRUST FUND for the benefit of Plaintiff, breached the herein above referenced contract and the custom and practice on which Plaintiff reasonably could rely."

█ It seems clear and the above allegations admit, that any duty which the Union owed to the plaintiff, whether it be a duty of care necessary to

support a negligence action, or the fiduciary duty which plaintiff claims to exist, necessarily arose out of the collective bargaining agreement with the employers and the Union's role as the exclusive bargaining agent.

The duty of fair representation which is imposed on an exclusive bargaining agent covers not only the conduct of the union in negotiating and formalizing the contract, but the implementation of the contract as well. In short, the Union has a duty to deal fairly with its members in negotiating the contract as well as fairly representing them in implementing the contract.

In *Vaca* v. *Sipes, supra,* 386 U.S. 171, and its progeny, the breach of duty of fair representation resulted from the Union's failure to properly process a grievance by one of its members. Conceptually we see little difference between the Union's handling of the internal grievance mechanism under a collective bargaining agreement and the Union's handling of the internal hiring mechanism under a collective bargaining agreement.

The conduct of the Union was an unfair labor practice. Hence the federal law is controlling (*Auto Workers* v. *Hoosier Corp.* (1966) 383 U.S. 696 [16 L.Ed.2d 192, 86 S.Ct. 1107]), and the six month statute of limitations provided by 29 United States Code section 160(b) applied.

We turn now to the question of whether the plaintiff's action here was barred by 29 United States Code section 160(b). This action was filed November 23, 1977. It is conceded that plaintiff's pension was not *finally* denied administratively until June 14, 1977. Contrary to defendants' assertion, the fact that plaintiff had been aware of his alleged ineligibility prior to that date is immaterial. If it were otherwise, a worker would always be required to file a duplicate suit in our already overcrowded courts lest he forfeit his right to a pension merely because he attempted to assert that right in accordance with the rules established by his union and its pension plan.

Below defendants sought to overcome this seemingly insurmountable obstacle by citing, without point page reference, to *Alexander* v. *Gardner-Denver Co.* (1974) 415 U.S. 36 [39 L.Ed.2d 147, 94 S.Ct. 1011], an inapposite decision that treated with a racial discrimination suit. They have wisely elected not to repeat this citation here since the issue tendered in *Alexander* did not even remotely concern a limiting statute. In fact, the one reference to such a subject to be found therein is directly contrary to defendants' claim, i.e.: ". . . In *Textile Workers Union* v. *Lincoln Mills,* 353 U.S. 448 (1957), this Court held that a grievance-arbitration provision of a

collective-bargaining agreement could be enforced against unions and employers under § 301 of the Labor Management Relations Act, 1947, 61 Stat. 156, 29 U.S.C. § 185. The Court noted that the congressional policy, as embodied in § 203 (d) of the LMRA, 61 Stat. 154, 29 U.S.C. § 173 (d), was to promote industrial peace and that the grievance-arbitration provision of a collective agreement was a major factor in achieving this goal. 353 U.S., at 455. In the *Steelworkers* trilogy [*Steelworkers* v. *American Mfg. Co.* (1960) 363 U.S. 564 [4 L.Ed.2d 1403, 80 S.Ct. 1343]; *Steelworkers* v. *Warrior & Gulf Co.* (1960) 363 U.S. 574 (4 L.Ed.2d 1409, 80 S.Ct. 1347); *Steelworkers* v. *Enterprise Corp.* (1960) 363 U.S. 593 (4 L.Ed.2d 1424, 80 S.Ct. 1358)], the Court further advanced this policy by declaring that an order to arbitrate will not be denied 'unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute.' *United Steelworkers of America* v. *Warrior & Gulf Navigation Co., supra,* at 582-583. The Court also stated that 'so far as the arbitrator's decision concerns construction of the contract, the courts have no business overruling him because their interpretation of the contract is different from his.' *United Steelworkers of America* v. *Enterprise Wheel & Car Corp., supra,* at 599. And in *Republic Steel Corp.* v. *Maddox,* 379 U.S. 650 (1965), the Court held that grievance-arbitration procedures of a collective-bargaining agreement must be exhausted before an employee may file suit to enforce contractual rights." (415 U.S. at p. 46, fn. 6 [39 L.Ed.2d at p. 157].)

Furthermore, even if an exhaustion of internal administrative remedies were not deemed *mandatory* here, nevertheless a tolling would occur during the period plaintiff and defendants actually utilized such a preferred procedure. (See *Clayton* v. *Automobile Workers* (1981) 451 U.S. 679, 682 et seq. [68 L.Ed.2d 538, 544, 101 S.Ct. 2088].)

Although the limited issue here tendered is both legal and narrow, its resolution will have the gravest social impact upon this particular plaintiff as well as the many others that allegedly are similarly situated. Over the last 25 years the steady labors of this totally disabled 57-year-old worker have augmented a retirement trust that was established under the aegis of the union to which he always has been a dues-paying member. Nonetheless, he now is deprived of any share in that fund, even as to those contributions that were concededly made by his employers, solely because of an asserted hiatus in those contributions that is said to have occurred 18 years ago but as to which he assertedly had no knowledge.

It may well be that plaintiff will not be able to prevail upon a trial on the merits, but since he has pressed his claim with all due dispatch and in

accordance with any limitation period presently suggested, he is entitled to his day in court.

The judgment of dismissal is reversed.

Beach, J., and Gates, J., concurred.

The petition of respondent Local 783 for a hearing by the Supreme Court was denied December 12, 1984.