[No. B017627. Second Dist., Div. Five. Apr. 6, 1987.]

HARRY GIFFIN, Plaintiff and Appellant, v.
UNITED TRANSPORTATION UNION et al., Defendants and
Respondents.

COUNSEL

Leonard Chaitin for Plaintiff and Appellant.

Drasin, Sparagna, Polan & McNulty, Jeffrey Sigel and Larry Drasin for Defendants and Respondents.

OPINION

ASHBY, J.—Plaintiff and appellant Harry Giffin appeals from an order of dismissal following the sustaining of a demurrer without leave to amend to his first amended complaint against defendant and respondent United Transportation Union and its officers.

Labeled as a complaint for breach of contract, the action is in substance for breach of a labor union's duty of good faith representation during grievance proceedings pursuant to a collective bargaining agreement. It alleges that appellant was a bus operator for the Southern California Rapid Transit District (SCRTD) and a member of respondent United Transportation Union, which was organized to represent appellant and other members in collective bargaining with the SCRTD. On or about April 20, 1981, SCRTD management informed appellant he would be terminated for alleged failure to report an accident. On or about August 12, 1981, respondent union refused to proceed with plaintiff's grievance to arbitration pursuant to the

collective bargaining agreement. This refusal was "arbitrary and capricious and constituted a breach of contract" by the union in light of the evidence that the alleged accident did not occur.

Appellant's complaint was not filed until April 16, 1985, more than three and a half years after respondent's refusal to take appellant's grievance to arbitration. The dispositive question is what state statute of limitations applies to this action where the uniform federal six-month period of limitations provided in *DelCostello* v. *Teamsters* (1983) 462 U.S. 151, 169-171 [76 L.Ed.2d 476, 492-493, 103 S.Ct. 2281], does not apply because the employer is a public entity exempt from the National Labor Relations Act. We hold the applicable state statute of limitations is three years for actions on a liability created by statute. (Code Civ. Proc., § 338, subd. 1.) Since appellant's complaint was filed more than three years after the cause of action arose, we affirm the order of dismissal.

APPELLANT'S CAUSE OF ACTION IS FOR BREACH OF THE UNION'S DUTY OF FAIR REPRESENTATION

Appellant's complaint is labeled as one for breach of contract, and appellant seeks application of the four-year statute of limitations for actions on a written contract. (Code Civ. Proc., § 337, subd. 1.) ■ However, the applicable statute of limitations is determined by the substance or gravamen of the action rather than the form of the pleading. (*Edwards* v. *Fresno Community Hosp.* (1974) 38 Cal.App.3d 702, 704 [113 Cal.Rptr. 579, 3 A.L.R.4th 1209].) The allegations of the complaint are that pursuant to a collective bargaining agreement respondent was to represent appellant in grievance proceedings against management of the SCRTD; that on or about August 12, 1981, respondent "refused to proceed with plaintiff's grievance through arbitration; said refusal was arbitrary and capricious and constituted a breach of contract on the part of defendants, and each of them" in light of the evidence that the alleged accident did not occur.

■ These allegations obviously attempt to state a cause of action against the union for breaching its duty to appellant to represent him in good faith during grievance proceedings pursuant to a collective bargaining agreement. This is a specific and well-defined liability under both federal and state law (*Vaca* v. *Sipes* (1967) 386 U.S. 171, 176-177 [17 L.Ed.2d 842, 850, 87 S.Ct. 903]; *Lerma* v. *D'Arrigo Brothers Co.* (1978) 77 Cal.App.3d 836, 840 [144 Cal.Rtpr. 18]), not an ordinary contract liability. (See *Sarro* v. *Retail Store Employees Union* (1984) 155 Cal.App.3d 206, 214-217 [202 Cal.Rptr. 102].) Thus, despite appellant's label of breach of contract, the pertinent question is the statute of limitations applicable to an action against a union for breach of its duty of fair representation.

FEDERAL LABOR LAW AND THE SIX-MONTH STATUTE OF LIMITATIONS DECLARED IN *DELCOSTELLO* DO NOT APPLY TO THIS CASE BECAUSE THE EMPLOYER IS A PUBLIC ENTITY EXEMPT FROM THE NATIONAL LABOR RELATIONS ACT

■ Respondent urges us to adopt a six-month statute of limitation based on *DelCostello* v. *Teamsters, supra,* 462 U.S. 151, 169-171 [76 L.Ed.2d 476, 492-493]. *DelCostello* held that in a suit brought in federal court against a union directly or against the employer and the union under section 301 of the National Labor Management Relations Act (*id.,* at p. 164 [76 L.Ed.2d at pp. 488-489]), for breach of the union's duty of fair representation under the National Labor Relations Act, federal courts should borrow the six-month period of limitation from section 10(b) of the National Labor Relations Act (29 U.S.C. § 160(b)), the period for filing a complaint of unfair labor practice before the National Labor Relations Board. (*DelCostello, supra,* 462 U.S. at pp. 169-171 [76 L.Ed.2d at pp. 492-493].)

■ State and federal courts have concurrent jurisdiction with the National Labor Relations Board in suits alleging that a union has breached its duty of fair representation under the federal labor law. (*Vaca* v. *Sipes, supra,* 386 U.S. 171, 176-188 [17 L.Ed.2d 842, 850-857].) However, in such cases state courts must apply federal substantive labor law. (*O'Malley* v. *Wilshire Oil Co.* (1963) 59 Cal.2d 482, 486 [30 Cal.Rptr. 452, 381 P.2d 188]; *Shaw* v. *Metro-Goldwyn-Mayer, Inc.* (1974) 37 Cal.App.3d 587, 597, fn. 7 [113 Cal.Rptr. 617].) One California case has since concluded that in an action brought in state court to enforce a union's duty of fair representation under federal law, *DelCostello*'s six-month period of limitation would likewise apply. (*Rodriguez* v. *Southern Cal. Dist. Council of Laborers* (1984) 160 Cal.App.3d 956, 958, 960 [207 Cal.Rptr. 75].)

■ However, federal labor law and *DelCostello* do not apply to this case. Congress has specifically exempted states and political subdivisions thereof from the definition of employers subject to the National Labor Relations Act and National Labor Management Relations Act. (29 U.S.C. §§ 152(2), 142(3); *NLRB* v. *Natural Gas Utility District* (1971) 402 U.S. 600, 601-603 [29 L.Ed.2d 206, 208-209, 91 S.Ct. 1746]; *Crilly* v. *Southeastern Pa. Transp. Authority* (3d Cir. 1976) 529 F.2d 1355, 1358-1363; *Ayres* v. *International Broth. of Elec. Workers* (9th Cir. 1982) 666 F.2d 441, 443.) Since the statutory definition of employee depends upon the definition of employer (29 U.S.C. § 152(3)), an employee of an exempt employer has no *federal* cause of action against a union for breach of duty of fair representation. (*Crilly* v. *Southeastern Pa. Transp. Authority, supra,* 529 F.2d at pp. 1357, fn. 5, 1361, fn. 22.)

SCRTD, a public corporation created by statute (Pub. Util. Code, §§ 30000, 30001, 30101), is a political subdivision of the state exempt from the National Labor Relations Act and the National Labor Management Relations Act. (*Logan* v. *Southern Cal. Rapid Transit Dist.* (1982) 136 Cal.App.3d 116, 128 [185 Cal.Rptr. 878]; *San Francisco Bay Area Rapid Transit Dist.* v. *Superior Court* (1979) 97 Cal.App.3d 153, 161 [158 Cal.Rptr. 627]; *State* v. *Brotherhood of R.R. Trainmen* (1951) 37 Cal.2d 412, 418 [232 P.2d 857], cert. den. 342 U.S. 876 [96 L.Ed. 658, 72 S.Ct. 166].) Appellant's cause of action against respondent must be based upon state labor law, not federal labor law. (*Lerma* v. *D'Arrigo Brothers Co., supra,* 77 Cal.App.3d at pp. 840-842.)

Although acknowledging the federally exempt nature of the employment in this case, respondent nevertheless urges that we adopt the *DelCostello* rule as good policy and to secure uniformity of treatment of public and private employees. This we cannot do. Having determined that federal labor law is inapplicable, and that appellant's cause of action arises under state law, we have no discretion to adopt the federal statute of limitations. We have no choice but to determine the applicable state statute of limitations. Although we have discretion to consider federal law as persuasive authority in interpreting state substantive labor law (see *Holayter* v. *Smith* (1972) 29 Cal.App.3d 326, 335 [104 Cal.Rptr. 745]), we do not have authority to create a statute of limitation. Enactment of statutes of limitations is a legislative function. We are limited to determining the existing state statute of limitations applicable to this cause of action.

THE APPROPRIATE STATE STATUTE OF LIMITATIONS IS THREE YEARS FOR A LIABILITY CREATED BY STATUTE

■ A union's duty of good faith representation of its members in collective bargaining and in the grievance mechanisms of a collective bargaining agreement is a statutory duty. As explained in *Vaca* v. *Sipes, supra,* 386 U.S. at page 177 [17 L.Ed.2d at p. 850], involving the federal statute, "[T]he exclusive agent's statutory authority to represent all members of a designated unit includes a statutory obligation to serve the interests of all members without hostility or discrimination toward any, to exercise its discretion with complete good faith and honesty, and to avoid arbitrary conduct." Similarly, in *DelCostello* v. *Teamsters, supra,* 462 U.S. at page 164 and footnote 14 [76 L.Ed.2d at p. 489], the court stated, "The suit against the union is one for breach of the union's duty of fair representation, which is implied under the scheme of the National Labor Relations Act.[14]" Footnote 14 provides: "The duty of fair representation exists because it is the policy of the National Labor Relations Act to allow a single labor organization to represent collectively the interests of all employees within a unit, thereby depriving individ-

uals in the unit of the ability to bargain individually or to select a minority union as their representative. . . ."

Although federal law is inapplicable here, the duty of fair representation under state law has a similar statutory basis. (*Lerma* v. *D'Arrigo Brothers Co., supra,* 77 Cal.App.3d at pp. 840-843.) In *Lerma,* involving agricultural employment which was exempt from the federal statute, the court held the source of the union's duty of fair representation under state law was Labor Code section 923, which expresses a policy similar to the federal statute. (*Id.,* at p. 840.) The court also noted that although a contract was involved, "the relevant consideration to the duty of fair representation is the exclusive nature of the right to be the bargaining agent . . . ." (*Id.,* at p. 842.) In a later case specifically involving the SCRTD, the court noted that under *Lerma,* the United Transportation Union has a statutory duty of fair representation of SCRTD employees. (*Logan* v. *Southern Cal. Rapid Transit Dist., supra,* 136 Cal.App.3d at p. 128.)

██ It follows therefore that the applicable state statute of limitations is three years for a liability created by statute. (Code Civ. Proc., § 338, subd. 1.) This conclusion is also supported by numerous decisions of the Ninth Circuit Court of Appeals under pre-*DelCostello* law, because until *DelCostello* adopted a federal six months' statute of limitations, the rule had been that federal courts should "borrow" the applicable state statute of limitations in actions brought to enforce federal labor rights. These Ninth Circuit decisions concluded that the applicable state statute of limitations in California was Code of Civil Procedure section 338, subdivision 1. (*International U. of Op. Eng.* v. *Fischbach and Moore, Inc.* (9th Cir. 1965) 350 F.2d 936, 939 [19 A.L.R.3d 1026], cert. den. 384 U.S. 904 [16 L.Ed.2d 358, 86 S.Ct. 1336]; *Price* v. *Southern Pacific Transp. Co.* (9th Cir. 1978) 586 F.2d 750, 753; *Kaylor* v. *Crown Zellerbach, Inc.* (9th Cir. 1981) 643 F.2d 1362, 1369; *Edwards* v. *Teamsters Local Union No. 36* (9th Cir. 1983) 719 F.2d 1036, 1039, cert. den. 465 U.S. 1102 [80 L.Ed.2d 130, 104 S.Ct. 1599]; *Peterson* v. *Kennedy* (9th Cir. 1985) 771 F.2d 1244, 1251, cert. den. 475 U.S. 1122 [90 L.Ed.2d 187, 106 S.Ct. 1642].)[1]

---

[1]Respondent has not suggested any other possibly applicable state statute of limitations which would be closer to the six-month period provided in *DelCostello.*

Both the United States Supreme Court and the Ninth Circuit Court of Appeals have stated that the 100-day limit for vacation or correction of an arbitration award (Code Civ. Proc., § 1288) is not appropriate in an action against the union for breach of duty of fair representation. (*DelCostello* v. *Teamsters, supra,* 462 U.S. at pp. 165-167 & fn. 16 [76 L.Ed.2d at pp. 489-490]; *McNaughton* v. *Dillingham Corp.* (9th Cir. 1983) 707 F.2d 1042, 1047, fn. 6; *Edwards* v. *Teamsters Local Union No. 36, supra,* 719 F.2d 1036, 1039; *Aragon* v. *Federated Dept. Stores, Inc.* (9th Cir. 1985) 750 F.2d 1447, 1453, cert. den. *sub. nom. Pappy, Kaplon, Vogel & Phillips* v. *Aragon,* 474 U.S. 1054 [88 L.Ed.2d 768, 106 S.Ct. 790].)

We also cannot apply by analogy the one year limit for filing employment discrimination claims with the California Fair Employment and Housing Commission. (Gov. Code, §§ 12940,

Our research has disclosed *Lehto* v. *Underground Constr. Co.* (1977) 69 Cal.App.3d 933, 937, 943-944 [138 Cal.Rptr. 419], which contains language suggesting that the four-year statute of limitations for actions on a written contract (Code Civ. Proc., § 337, subd. 1) applies. *Lehto* is distinguishable and not controlling. *Lehto* involved a cause of action under the federal act. *Lehto's* holding was that the 100-day limit for correction of arbitration awards (Code Civ. Proc., § 1288) did not apply because this would effectively deprive the employee of his rights under federal labor law. (*Id.,* at p. 943.) The holding of *Lehto* is therefore consistent with the criticism in *DelCostello* v. *Teamsters, supra,* 462 U.S. 151, of the use of short arbitration statutes of limitation. (See fn. 1, *ante.*) The further conclusion of the *Lehto* court, however, that the applicable statute would therefore be four years for actions upon a contract (*id.,* at pp. 943-944), is not consistent with subsequent case developments. First, since the *Lehto* action was based on federal law, the six-month limitation declared in *DelCostello* would presumably apply if *Lehto* were decided again today. (*Rodriguez* v. *Southern Cal. Dist. Council of Laborers, supra,* 160 Cal.App.3d at pp. 958, 960.) Second, *Lehto* preceded *Lerma* v. *D'Arrigo Brothers Co., supra,* 77 Cal.App.3d at pages 840-842, in which the court expressly held that the union's duty of fair representation under state law applicable to employment which was exempt from the federal act is a liability created by statute. In light of *Lerma,* and *Logan* v. *Southern Cal. Rapid Transit Dist., supra,* 136 Cal.App.3d at page 128, it is now clear the applicable state statute of limitation is three years for liability created by statute, not four years for breach of contract as intimated in the *Lehto* dictum.[2]

CONCLUSION

Since the complaint was filed more than three years after the cause of

---

subd. (b), 12960, formerly Lab. Code, §§ 1420, subd. (b), 1422.) That act is inapplicable because it does not cover all forms of arbitrary employment discrimination, only the specifically enumerated grounds of race, religious creed, color, national origin, ancestry, physical handicap, medical condition, marital status or sex. (Gov. Code, § 12940, subd. (b); *Gay Law Students Assn.* v. *Pacific Tel. & Tel. Co.* (1979) 24 Cal.3d 458, 489-490 [156 Cal.Rptr. 14, 595 P.2d 592].) Appellant does not allege one of these forms of arbitrary treatment, therefore it would be inappropriate to apply the administrative statute of limitations to this case. (See also *Bennett* v. *Borden, Inc.* (1976) 56 Cal.App.3d 706, 709 [128 Cal.Rptr. 627] [if the California act were applicable, exhaustion of the administrative remedy would be a prerequisite to judicial action].)

[2] Appellant cites *Hopson* v. *Nat. Union etc. Cooks, Stewards* (1953) 116 Cal.App.3d 320, 327 [253 P.2d 733], for the proposition that suit by a member expelled from a union in violation of the union's constitution and bylaws is governed by a four-year statute of limitation for breach of contract. No question of federal law was raised in *Hopson.* Appellant's action, however, is for breach of the duty of fair representation in grievance proceedings and is governed by *Lerma* and *Logan* in determining the gravamen of the complaint. (See also *Sarro* v. *Retail Store Employees Union, supra,* 155 Cal.App.3d at pp. 215-217.)

action arose, the trial court properly sustained without leave to amend the demurrer to the first amended complaint.[3]

The order of dismissal is affirmed.

Feinerman, P. J., and Hastings, J., concurred.

---

[3]Appellant's opening brief states that he may be able to amend the complaint to allege a tolling of the limitation period, although he "is not at all certain he will be able to" and "cannot say so with a reasonable degree of certainty." He makes vague reference to allegations that he had a doctor's advice to avoid the stress of litigation, made in a separate suit he brought against the employer in *Giffin* v. *So. Cal. Rapid Trans. Dist.* (Dec. 26, 1984) B002788 [nonpub. opn.], which upheld the dismissal of his action against the SCRTD for failure to make a timely claim pursuant to Government Code section 911.2. This cannot be regarded as a showing of a reasonable probability he could amend the complaint to toll the three-year statute of limitations. (See 3 Witkin, Cal. Procedure (3d ed. 1985) Actions, § 485, p. 515; *Youngman* v. *Nevada Irrigation Dist.* (1969) 70 Cal.2d 240, 251 [74 Cal.Rptr. 398, 449 P.2d 462].)

Since the statute of limitations is dispositive, we need not consider the other issues raised by the parties, whether the amended complaint failed to state a cause of action or whether appellant failed to exhaust internal union remedies.