977 F.2d 591
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
TELERIAN CORPORATION, Plaintiff-Appellee,
v.
INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, LOCAL NO.
6, Defendant-Appellant.
 No. 90-16592.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 7, 1992.*
Decided Oct. 20, 1992.
 
 Before FARRIS, LEAVY and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 1. The Appropriate Statute of Limitations
 
 2
 In International Union of Operating Engineers v. Fischbach and Moore, Inc., 350 F.2d 936, 939 (9th Cir.1965), cert. denied, 384 U.S. 904 (1966), we held that California's three-year statute of limitations, for suits based on liability created by statute, governs an action brought under section 303 of the Labor Management Relations Act, 29 U.S.C. § 187 (1988). We specifically rejected the application of a six-month period, borrowed from section 10(b) of the LMRA, 29 U.S.C. § 160(b). Id. at 937-38. Local 6 argues, however, that Fischbach and Moore should be reconsidered in light of the Supreme Court's decision in DelCostello v. Teamsters, 462 U.S. 151 (1983). We reject the argument.
 
 
 3
 In DelCostello, the Supreme Court was presented with the issue of what statute of limitations should apply to an employee's action against both his employer and his union. The court held that section 10(b)'s six-month period provided the closest analogy because such hybrid suits involve "those consensual processes that federal labor law is chiefly designed to promote--the formation of the collective agreement and the private settlement of disputes under it." Id. at 163 (quoting Auto Workers v. Hoosier Cardinal Corp., 383 U.S. 696, 702 (1966)).
 
 
 4
 DelCostello 's central concern is the formation and private settlement of disputes under the collective-bargaining agreement. No labor relationship exists between the parties to this action. Local 6's argument is therefore misplaced.
 
 
 5
 We do not ignore Lampf v. Gilbertson, 111 S.Ct. 2773, 2779 (1991) (plurality opinion). Lampf is distinguishable because it involves a judicially-created cause of action, which the Supreme Court is "prone to discover in--or, more accurately, create in reliance upon--federal legislation." Id. at 2783 (Scalia, J., concurring in part and concurring in the judgment).
 
 
 6
 Local 6 argues, alternatively, that if a state statute of limitations is applied, we should adopt California's two-year period for the tort of inducing breach of contract. We have twice rejected this argument. Hyatt Chalet Motels, Inc. v. Carpenters Local 1065, 430 F.2d 1119, 1123 (9th Cir.1970) (holding that action under section 303 was governed by Oregon six-year statute applicable to actions upon liabilities created by statute); Fischbach, 350 F.2d at 939.
 
 2. Timeliness of Telerian's Complaint
 
 7
 Under the continuing harm doctrine, the statute of limitations will not bar an action based on conduct outside the limitations period if the harm alleged continues into the limitations period. LaSalvia v. United Dairymen of Arizona, 804 F.2d 1113, 1119 (9th Cir.1986), cert. denied, 482 U.S. 928 (1987); See Eichman v. Fotomat Corp., 880 F.2d 149, 160 (9th Cir.1989) (statute of limitations runs from last overt act where plaintiff alleges continuing violation of law). The harm alleged continued until January 21, 1987, when Telerian was removed from the job. Telerian's complaint is therefore timely.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by Ninth Circuit Rule 36-3