[Civ. No. 39269. First Dist., Div. One. Mar. 9, 1977.]

BUTCHERS UNION, LOCAL 532, Plaintiff and Appellant, v.
FARMERS MARKETS, Defendant and Respondent.

COUNSEL

Van Bourg, Allen, Weinberg & Roger, Victor J. Van Bourg and David A. Rosenfeld for Plaintiff and Appellant.

Gale & Goldstein and Hayes H. Gable III for Defendants and Respondents.

## OPINION

**MOLINARI, P. J.**—Plaintiff Butchers Union Local 532 (hereinafter the Union) appeals from an order denying its petition to compel arbitration. The issues presented are whether the court erred in denying the petition on the grounds that the Union failed to request arbitration within the time specified in the collective bargaining agreement, that Joyce Ramsey, the member of the Union involved in the request for arbitration, had filed a complaint for damages arising out of the same occasion which led to the petition, and that the Union had waived arbitration by initiating proceedings before the National Labor Relations Board.

We have concluded that the question whether the Union filed a timely request for arbitration was a matter to be determined by the arbitrator and not by the court below and that therefore the court erred in denying the Union's petition to compel arbitration. As to the other issues we have concluded that they were properly before the trial court and that its decision with respect to such issues is not erroneous.

The Union, a labor organization, and defendant Farmers Markets, as an employer, are parties to a written collective bargaining agreement (hereinafter the agreement). This agreement affects commerce within the meaning of section 301 of the Labor-Management Relations Act of 1947. (29 U.S.C. § 185.)

Since on or about December 2, 1974, a dispute has existed over the discharge of Joyce Ramsey. Article XV of the agreement provides for a written grievance and arbitration procedure, wherein the parties are bound to submit all disputes to an arbitrator empowered to make final and binding decisions on all parties to the agreement.

The Union filed a petition to compel arbitration under the provisions of section 1281 et seq. of the Code of Civil Procedure alleging that it is willing and has sought to refer the dispute to the arbitration procedure provided for in the agreement but that Farmers Markets has refused to submit the dispute to arbitration. Farmers Markets, by way of affirmative answer, alleged that the Union intentionally waived and relinquished any right to settle the controversy by arbitration on the basis that article XV of the agreement provides, inter alia, that the party presenting the dispute shall request arbitration in writing not more than 30 days after

the dispute was first taken up with the other party or the dispute will be considered to have been withdrawn and waived.

As a second affirmative defense Farmers Markets alleged that since the controversy arose the Union has done acts which are inconsistent with its right to demand arbitration on the basis that such acts constitute a waiver of such right. It is alleged that Ramsey filed a complaint in the superior court which complaint seeks, inter alia, damages for loss of wages caused by the alleged wrongful termination of Ramsey's employment by Farmers Markets, an issue which was subject to arbitration under the agreement.

The trial court ordered the Union's motion for an order compelling arbitration be denied. The main basis for denial was that arbitration was waived because the Union did not demand or request arbitration within the time specified in the agreement. The court held that the question of waiver was a matter for the court and not the arbitrator. The court also found that the maintenance of Ramsey's action for damages and the unsuccessful initiation of proceedings before the National Labor Relations Board constitute evidence of waiver of arbitration and the election to seek other remedies.

Waiver is defined as the intentional relinquishment of a known right after knowledge of the facts. (*Roberts* v. *Fortune Homes, Inc.,* 240 Cal.App.2d 238, 243 [49 Cal.Rptr. 429].) ■ It is the well-established rule in California that "where a contract provides that arbitration may be demanded within a stated time, failure to make demand within that time constitutes a waiver of the right to arbitrate." (*Freeman* v. *State Farm Mut. Auto. Ins. Co.,* 14 Cal.3d 473, 483 [121 Cal.Rptr. 477, 535 P.2d 341]; *Gunderson* v. *Superior Court,* 46 Cal.App.3d 138, 144 [120 Cal.Rptr. 35]; *Jordan* v. *Friedman,* 72 Cal.App.2d 726, 727 [165 P.2d 728].) It is also the rule in California that, as provided in Code of Civil Procedure section 1281.2,[1] the question whether there has been a waiver of arbitration is one that must be determined by the court. (*Freeman* v. *State Farm Mut. Auto. Ins. Co., supra,* at p. 483.)

---

[1]Code of Civil Procedure section 1281.2 provides, in relevant part: "On petition of a party to an arbitration agreement alleging the existence of a written agreement to arbitrate a controversy and that a party thereto refuses to arbitrate such controversy, the court shall order the petitioner and the respondent to arbitrate the controversy if it determines that an agreement to arbitrate the controversy exists, unless it determines that: [¶] (a) *The right to compel arbitration has been waived by the petitioner;* . . ." (Italics added.)

The issue presented is whether the California rules apply or whether federal law is applicable. The Union contends that state courts must apply federal law in interpreting collective bargaining agreements which affect interstate commerce and that federal courts have determined that the issue of waiver must be submitted to the arbitrator for decision.

The parties agree that their agreements and activities affect interstate commerce. ■ It is the rule that in the enforcement of the provisions of collective bargaining agreements obligating the parties to arbitrate disputes where the agreements and the activities of the parties affect interstate commerce, state courts exercise concurrent jurisdiction with federal courts. (*Dowd Box Co.* v. *Courtney,* 368 U.S. 502 [7 L.Ed.2d 483, 82 S.Ct. 519]; *O'Malley* v. *Wilshire Oil Co.,* 59 Cal.2d 482, 486 [30 Cal.Rptr. 452, 381 P.2d 188].) It is also the rule, however, that in so doing state courts must apply federal law in adjudicating an action which could have been brought in federal courts under section 301 of the Labor-Management Relations Act.[2] (*Textile Workers* v. *Lincoln Mills,* 353 U.S. 448, 456 [1 L.Ed.2d 972, 980, 77 S.Ct. 912]; *O'Malley* v. *Wilshire Oil Co., supra;* see *Charles J. Rounds Co.* v. *Joint Council of Teamsters No. 42,* 4 Cal.3d 888, 892 [95 Cal.Rptr. 53, 484 P.2d 1397]; *Butchers' Union Local 229* v. *Cudahy Packing Co.,* 66 Cal.2d 925, 930 [59 Cal.Rptr. 713, 428 P.2d 849].)

Federal court decisions have held that it is for the arbitrator to determine whether the party seeking arbitration has properly complied with the arbitration procedure including timely notice requirements set forth in the collective bargaining agreement. (See *Local 12934 of Int. U., Dist. 50, U.M.W.* v. *Dow Corning Corp.* (6th Cir. 1972) 459 F.2d 221, 223-224; *Tobacco Wkrs. Int. U., Local 317* v. *Lorillard Corporation* (4th Cir. 1971) 448 F.2d 949, 953; *Bealmer* v. *Texaco, Incorporated* (9th Cir. 1970) 427 F.2d 885, 887 [cert. den., 400 U.S. 926 (27 L.Ed.2d 185, 91 S.Ct. 187)]; *Local 198, Union Rubber, C., L. & P. Wkrs.* v. *Interco, Inc.* (8th Cir. 1969) 415 F.2d 1208, 1210; *Amalgamated Clothing Workers* v. *Ironall Factories Co.* (6th Cir. 1967) 386 F.2d 586, 591; *Palestine Tel. Co.* v. *Local U. 1506 of Int. Bro. of Elec. Wkrs.* (5th Cir. 1967) 379 F.2d 234; *Rochester Telephone Corp.* v. *Communications Wkrs. of Am.* (2d Cir. 1965) 340 F.2d 237; and see Cox, *Reflections Upon Labor Arbitration,* 72 Harv.L.Rev. 1482, 1511.)

---

[2]It is conceded that the instant action could have been brought under section 301 of the Labor-Management Relations Act.

It has been suggested that the distinction lies in the difference between "substantive" and "procedural" law under the general rule that "Where an action founded on a federal statute is properly brought in the state courts, the law of the state, in the absence of contrary provisions in the federal statute, is controlling in all matters of practice and procedure." (*Bohme* v. *Southern Pac. Co.,* 8 Cal.App.3d 291, 297 [87 Cal.Rptr. 286].) It is also the rule, however, that a state rule of "practice" may not be employed with the substantive effect of defeating a federal right. (*Brown* v. *Western R. of Alabama,* 338 U.S. 294, 296 [94 L.Ed. 100, 102, 70 S.Ct. 105]; and see *Riess* v. *Murchison,* 384 F.2d 727, 735 [32 A.L.R.3d 363], where the court noted that Code of Civil Procedure section 1281.2 has "considerable substantive as well as procedural significance.")

The question whether the court or the arbitrator is the appropriate body to decide whether the procedural requisites, which, under the bargaining agreement, condition the duty to arbitrate have been met was discussed in *John Wiley & Sons* v. *Livingston,* 376 U.S. 543 [11 L.Ed.2d 898, 84 S.Ct. 909]. It was there pointed out that labor disputes may not easily be broken down into their "substantive" and "procedural" aspects and that questions concerning the procedural prerequisites develop in the context of an actual dispute about the rights of the parties to the contract or those covered by it. (At pp. 556-557 [11 L.Ed.2d at pp. 908-909].) The Supreme Court stated as follows: "Doubt whether grievance procedures or some part of them apply to a particular dispute, whether such procedures have been followed or excused, or whether the unexcused failure to follow them avoids the duty to arbitrate cannot ordinarily be answered without consideration of the merits of the dispute which is presented for arbitration." (At pp. 556-557 [11 L.Ed.2d at pp. 908-909].)[3]

In the present case Farmers Markets contended that the Union did not make any demand on it to arbitrate the controversy and did not take any steps to exercise its rights to arbitration until on or about March 4, 1975, when for the first time the Union, through its attorney, by letter dated February 28, 1975, and postmarked March 3, 1975, demanded that the controversy be submitted to arbitration. It was urged that since the dispute existed since December 2, 1975, the request for arbitration was not timely filed.

---

[3] *Wiley* recognizes that a union may abandon its right to arbitration by failing to make its claims known. (376 U.S. 543, 551 [11 L.Ed.2d 898, 905].)

The Union contended before the lower court that Farmers Markets itself waived any objection to the Union's failure to observe the 30-day time limit by agreeing to the submission of the matter to the Adjustment Board after the 30-day period had expired. Additionally, the Union contended that the dispute was first taken up with Farmers Markets on December 5, 1974, and that a letter from the Union dated January 8, 1975, can be construed as being a timely demand for arbitration. To a declaration presented to the lower court by one of the Union's attorneys was attached copies of correspondence between the Union and Farmers Markets including the Union's letter of January 8 which stated "If this [dispute] cannot be resolved at the Board of Adjustment meeting, we are hereby notifying you that we will take this to arbitration." Also included is a letter from Farmers Markets to the Union requesting that a Board of Adjustment meeting on this matter be convened on January 30, 1975.

Under these circumstances it is apparent that under the *Wiley* analysis we have a question concerning the procedural prerequisites to arbitration arising out of and developing in the context of the actual dispute about the rights of the parties and those covered by it requiring a consideration of the merits of the dispute which is presented for arbitration. Accordingly, in such a case, the question of waiver of the right of arbitration is one that is properly left to determination by the arbitrator under the federal rule.

We are persuaded that under the federal rule it is for the arbitrator to determine whether the party seeking arbitration has properly complied with the arbitration procedure including timely notice. The case of *Martinez Typographical Union* v. *Silversun Corp.,* 256 Cal.App.2d 255 [63 Cal.Rptr. 760], relied upon by Farmers Markets and the court below, is not controlling. *Martinez* did not involve an agreement and activities affecting interstate commerce; nor did it involve the question of the application of a federal rule instead of a state rule. Martinez was solely concerned with the question of waiver under Code of Civil Procedure section 1281.2. The discussion of *Wiley* in *Martinez* dealt with the acknowledgement in *Wiley* that a union can waive the right to arbitrate by failing to make its claims known. (At p. 259.) In *Martinez* the union chose to remain silent until after the employer no longer possessed either the facilities or employees to perform reproduction work under its collective bargaining agreement. Thus *Martinez* did not involve a failure to request arbitration within the time specified as part of the grievance procedure set forth in the collective bargaining agreement.

It is concluded that the court erred in denying the Union's petition to compel arbitration insofar as its determination was based upon its finding that the Union had waived its right to compel arbitration within the time limit provided for in the grievance procedure in the agreement. This matter should have been left to the arbitrator.

The "comment" of the trial court indicates that it also believed that the Union had waived its right to compel arbitration because four months before the filing of the petition to compel arbitration, Joyce Ramsey, through Union's counsel, filed in the same court a complaint for damages arising out of the same occasion which has led to the petition. The Union contends that it was error for the court to determine this issue of waiver as that issue was for the arbitrator.

■ Under California law the bringing of a suit on the basic contract, without seeking arbitration, is inconsistent with resort to arbitration thereafter and constitutes a waiver of the contractual provisions for arbitration. (*Titan Enterprises, Inc.* v. *Armco Construction, Inc.*, 32 Cal.App.3d 828, 832 [108 Cal.Rptr. 456]; *Berman* v. *Renart Sportswear Corp.*, 222 Cal.App.2d 385, 389 [35 Cal.Rptr. 218].) Accordingly, in California the matter of whether a waiver occurred under such circumstances is a matter for the trial court under the provisions of Code of Civil Procedure section 1281.2.

The Union fails to cite any authority in point that in the application of federal law the question of waiver in bringing a suit on the basic contract without seeking arbitration is an issue for the arbitrator. In *Reid Burton Const.* v. *Carp. Dist. C. of S. Colo.* (10th Cir. 1976) 535 F.2d 598, 603 [cert. den., 429 U.S. 907 (50 L.Ed.2d 188, 97 S.Ct. 272)], it was held that every equitable defense is not necessarily an arbitrable issue and that courts do not forego their traditional powers in determining the merits of the alleged equitable defense.

■ We observe that a defendant who wishes to assert the right to arbitration must urge it as an affirmative defense in the answer and that the failure to include such a defense in the answer amounts to a waiver of arbitration. (*Gunderson* v. *Superior Court*, 46 Cal.App.3d 138, 144 [120 Cal.Rptr. 35].) Farmers Markets did not urge a right to arbitration in its answer. Accordingly, it waived its right to arbitration.

■ It is concluded, in any event, that any waiver by Ramsey cannot be said to bind the Union as the Union has a separate right to insist upon

arbitration in order to maintain the integrity of the collective bargaining agreement. We observe, moreover, that Ramsey's complaint does not assert any issues which are subject to arbitration.[4]

The complaint was filed on February 13, 1975, against Farmers Markets and [Robert] Ottawa, the store's security guard. The complaint states four causes of action—malicious prosecution, false arrest, slander and libel, and intentional infliction of emotional distress. It alleges that on November 30, 1974, Ramsey was regularly employed by Farmers Markets as a meat wrapper. On or about that date, she exchanged salami that had been purchased in spoiled condition on a previous date for fresh salami. She purchased groceries and exited the store with the groceries and the salami. Upon exiting the store she was arrested and taken into custody by Ottawa for violation of section 484 of the Penal Code (petty theft of the salami). A criminal complaint was filed and she was charged with a violation of Penal Code section 484. The charge was dismissed for insufficiency of evidence. In her cause of action for malicious prosecution, Ramsey seeks as damages the sum incurred as attorney's fees in her criminal defense, wage loss, and general and punitive damages. Under the remaining three causes of action she seeks general and punitive damages. The complaint states that as a direct and proximate result of the malicious prosecution plaintiff was terminated from her employment and lost wages.

It is concluded that the causes of action stated in the complaint do not include any issues that are subject to arbitration. The collective bargaining agreement states that no employee covered by the agreement shall be suspended or discharged without just or sufficient cause and provides that any dispute arising out of any such suspension or discharge shall be submitted to arbitration pursuant to the grievance and arbitration provisions of the agreement. Ramsey's complaint seeks damages not for wrongful termination of employment but for malicious prosecution, false arrest, slander and libel and infliction of emotional distress. Although the action includes damages for lost wages such claims are incidental to her cause of action. We apprehend that even if Ramsey had not been discharged from her employment she could still maintain her action for damages against Farmers Markets and Ottawa. Ramsey's action is not inconsistent with seeking arbitration of the alleged wrongful termination of her employment under the contract.

---

[4]The trial court took judicial notice of the complaint filed by Ramsey. We are entitled to judicially notice the same matters properly noticed by the trial court. (Evid. Code, § 459.)

The court in its "comment" also stated that it found that the unsuccessful initiation of proceedings before the National Labor Relations Board constituted a waiver of arbitration and an election to pursue other remedies. The evidence before the trial court was that prior to filing the petition to compel arbitration, the Union had requested the National Labor Relations Board to issue a complaint against Farmers Markets for refusing to arbitrate the matter. The board refused to do so and the office of appeals of the National Labor Relations Board denied the Union's appeal from the board's decision.

The request to the National Labor Relations Board to issue a complaint is not a waiver of the right to compel arbitration. (*Local 12934 of Int. U., Dist. 50, U.M.W.* v. *Dow Corning Corp., supra,* 459 F.2d 221, 225; *Thomas* v. *Ford Motor Company,* 396 F.Supp. 52, 55-56 [affd. in 516 F.2d 902].)

The order denying the Union's petition to compel arbitration is reversed with directions to the trial court that it shall order the Union and Farmers Markets to proceed to arbitrate the controversy between the parties in accordance with the views herein expressed.

Sims, J., and Elkington, J., concurred.