[Civ. No. 39882. First Dist., Div. Three. May 20, 1977.]

RODNEY ALLAN LEHTO, Plaintiff and Appellant, v. UNDERGROUND CONSTRUCTION COMPANY et al., Defendants and Respondents.

## COUNSEL

Henry S. H. Fong for Plaintiff and Appellant.

Turner & Franzoia, Peter M. Turner, Van Bourg, Allen, Weinberg & Roger, Victor J. Van Bourg and David A. Rosenfeld for Defendants and Respondents.

## OPINION

**SCOTT, J.**—Rodney Allan Lehto appeals from the dismissal of his complaint against his former employers, Underground Construction Company (hereafter Underground) and Piombo Construction Company (hereafter Piombo), after the sustaining of their demurrer, without leave to amend.

The principal issue raised is the applicability of the 100-day statute of limitations, Code of Civil Procedure section 1288,[1] to an action alleging a

---

[1]Code of Civil Procedure section 1288 provides: "A petition to confirm an award shall be served and filed not later than four years after the date of service of a signed copy of

breach of duty of fair representation by a union in an arbitration proceeding involving the employer. We conclude that the statute of limitations applicable is Code of Civil Procedure section 337.[2] Therefore, the court erred in sustaining respondents' demurrer. We have also concluded that the allegations in support of the cause of action for exemplary damages are inadequate. However, appellant should be given an opportunity to amend.

By the terms of his complaint, appellant Lehto sought to recover special and exemplary damages for fraud and breach of contract. The named defendants included appellant's employers, respondents Underground and Piombo; appellant's union, Laborers Local 961 of Laborers International Union of North America; Northern California District Council of Hod Carriers, Building and Construction Laborers; and Attorney Victor Van Bourg. It was generally alleged that defendants had breached their duty of fair play and/or representation under two collective bargaining agreements, thereby depriving appellant of his rights under those agreements.

In his first cause of action, appellant alleges that he was hired as a driller by respondent Underground on April 17, 1973. The terms and conditions of appellant's employment were set by a collective bargaining agreement between the Northern California District of Hod Carriers, Building and Construction Laborers and Associated General Contractors of California, Inc. On July 23, 1973, Underground discharged appellant, citing unsatisfactory performance. Two days later, appellant filed a grievance with his union, Laborers Local 961, stating that he had been wrongfully discharged under the collective bargaining agreement and requesting reinstatement and back wages. An arbitration hearing was held on November 27, 1973, at which appellant was represented by the union's attorney, Victor Van Bourg. It was stipulated that appellant had not been discharged for just cause, and was entitled to reinstatement with back pay. Thus, the sole issue to be determined by the arbitrator was the amount of back pay. Appellant alleges that his attorney refused to present testimony establishing that he was entitled to back wages for 18 weeks, leading the arbitrator to believe that he was only entitled to two weeks' back pay totaling $1,098.72. Appellant further alleges that the union and his employer knew "the true facts and they knowingly, falsely

the award on the petitioner. A petition to vacate an award or to correct an award shall be served and filed not later than 100 days after the date of the service of a signed copy of the award on the petitioner."

[2]Code of Civil Procedure section 337 provides a four-year period of limitations for initiating an action upon any contract. The within action is based upon breach of a collective bargaining agreement.

and maliciously conspired to suppress [the] testimony." It is asserted that Van Bourg breached his duty of representing appellant fairly and in good faith.

Appellant's second cause of action alleges that on September 6, 1973, he filed a second grievance against Underground, asserting that it had violated the collective bargaining agreement by employing two men without written union referral. Under the agreement, Underground was required to pay back wages to the two top union men on the out-of-work list with the qualifications of the two men hired. Appellant was one of the two top men. An arbitration hearing was held on October 1, 1974. Appellant alleges that the hearing opened with a private conference between the arbitrator and attorneys, following which the hearing was adjourned without the taking of testimony and without any explanation to appellant. Appellant avers that he is ignorant of what transpired at the hearing, and that his requests for information have been ignored. On June 24, 1974, appellant filed a third grievance against Underground, stating that one of the men employed without union referral was still working despite the grievance filed. It is alleged that Larry Palmer, business manager of Laborers Local 961, wrongfully refused to process the third grievance. Appellant alleges that the actions of defendants regarding the second and third grievances constituted a wilful, knowing and malicious breach of the collective bargaining agreements and were taken "as part of a conspiracy" to deprive appellant of his rights under those contracts.

The third cause of action involves two grievances arising out of appellant's employment with Piombo. On July 23, 1974, appellant was employed as a chuck tender by Piombo pursuant to the terms of a collective bargaining agreement. During the period August 1, 1974, to October 3, 1974, appellant orally reported some 10 safety violations to his union. On October 3, 1974, Piombo discharged appellant, citing reduction in force as the reason. On October 8, 1974, appellant filed two grievances against Piombo. The first stated that Piombo had violated the collective bargaining contract, in that it had employed a non-Local 961 man as drill and powder man, and that if there was truly a reduction in force, that man should have been discharged instead of appellant. The second grievance involved appellant's request that back wages be paid to him as the top union man on the out-of-work list with the qualifications of the nonlocal union man. These grievances were adjudicated by a board of adjustment on November 7, 1974. The board ruled against appellant on the first grievance. The board ruled in appellant's favor on the second grievance, but made the award to Palmer and another

employee. Appellant states that he had no opportunity to present testimony at the hearing, and that the board's rulings were incorrectly decided. Appellant alleges that "defendants owed a duty of fair play and good faith . . . in processing and hearing his two grievances" against Piombo, and that defendants conspired to breach such duty.

By his fourth cause of action, appellant seeks declaratory relief to the effect that "defendants have each breached their individual and collective duty of fair play and/or representation in violation of [the collective bargaining contracts]; the acts and conduct against plaintiff constitute a conscious conspiracy to deprive plaintiff of his contractual rights of grievance, reinstatement and back pay awards; defendants have been guilty of unconscionable oppression and malice against plaintiff thus entitling him to exemplary and punitive damages besides compensatory awards." Special and exemplary damages are also sought.

Respondents contend that the arbitration awards are conclusive, and that appellant is precluded from maintaining the action by virtue of the limitations provision contained in the arbitration statute. (Code Civ. Proc., § 1288.) Respondents also argue that the complaint contains no specific allegations amounting to fraud on their part.

■ Arbitration is a voluntary procedure for settling disputes, leading to a final determination of the rights of the parties. The policy of the law is to favor arbitration, and every reasonable intendment is indulged to give effect to such proceedings. (6 Cal.Jur.3d, Arbitration and Award, § 1, pp. 6-8.) Once a valid award is made by the arbitrator, it is conclusive on matters of fact and law and all matters in the award are thereafter res judicata.

A limited form of judicial review of arbitration awards is provided by statute. (Code Civ. Proc., §§ 1285-1288.) However, every presumption favors the arbitrator's award, and the merits of the award, either on question of law or fact, are generally not subject to review. (Recommendation and Study Relating to Arbitration (Dec. 1960) 3 Cal. Law Revision Com. Rep. (1961) pp. G 25-27, G 53-54.) Section 1286.2 of the Code of Civil Procedure sets forth the grounds upon which a court may vacate an arbitration award:

"(a) The award was procured by corruption, fraud or other undue means;

"(b) There was corruption in any of the arbitrators;

"(c) The rights of such party were substantially prejudiced by misconduct of a neutral arbitrator;

"(d) The arbitrators exceeded their powers and the award cannot be corrected without affecting the merits of the decision upon the controversy submitted; or

"(e) The rights of such party were substantially prejudiced by the refusal of the arbitrators to postpone the hearing upon sufficient cause being shown therefor or by the refusal of the arbitrators to hear evidence material to the controversy or by other conduct of the arbitrators contrary to the provisions of this title."

■ A petition to vacate or correct an award must be served and filed not later than 100 days after the date of the service of a signed copy of the award on the petitioner. The purpose of this limitation is to require that available grounds for modification or vacation be urged promptly to ensure finality. (Code Civ. Proc., § 1288; 3 Cal. Law Revision Com. Rep., *supra,* at p. G 58.)

Respondents contend that the essence of appellant's complaint lies in his dissatisfaction with the results of the arbitration proceedings, and that his proper remedy was a petition for vacation or correction of the awards under Code of Civil Procedure sections 1286.2 and 1286.6. It is argued that inasmuch as the time limits for making such petition have long since expired, the arbitrators' decisions must be deemed final, and appellant is precluded from seeking judicial review at this time. With respect to the second cause of action wherein it was alleged that the union had failed to process one of his grievances, respondents contend that appellant's proper remedy was a petition to compel arbitration under Code of Civil Procedure section 1281.2. Appellant argues that he has stated a cause of action under federal law, and that the statutory arbitration procedures relied upon by respondents are not controlling.

■ We observe initially that under section 301 of the Labor Management Relations Act,[3] the failure of the union to fully and fairly represent an employee gives rise to a cause of action against the union and the employer for any damages flowing from such failure of

---

[3]Section 301 of the Labor Management Relations Act provides, in relevant part:
"(a) Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties." (29 U.S.C. § 185.)

representation. (*Hines* v. *Anchor Motor Freight* (1976) 424 U.S. 554 [47 L.Ed.2d 231, 96 S:Ct. 1048]; *Margetta* v. *Pam Pam Corporation* (9th Cir. 1974) 501 F.2d 179.)

In *Hines*, certain truck drivers were discharged by their employer for alleged dishonesty in that they falsified their motel expense accounts. Their union opposed the discharges, and pursuant to the collective bargaining agreement, the matter was submitted to arbitration. Petitioners suggested that the motel be investigated. Their union representative advised them that there was nothing to worry about and they need not hire their own attorney. The arbitration committee upheld the discharges. Petitioners then hired an attorney and sought a rehearing based on a statement of the motel owner that he had no personal knowledge of the events, but that the motel clerk could have falsified the motel records. The petition was denied. About a year after the arbitration order, the motel clerk admitted that he, not petitioners, had falsified the records. Approximately a year thereafter, the employee truck drivers brought a wrongful discharge suit against their employer and union under section 301 of the Labor Management Relations Act, alleging that falsity of the charges could have been discovered with a minimum of investigation, and that the union had made no effort to ascertain the truth and thereby had violated its duty of fair representation by arbitrarily and in bad faith depriving the truck drivers of their employment and permitting their discharge without sufficient proof.

The Supreme Court held that the suit against the employer was improperly dismissed. In reaching this conclusion, the Supreme Court noted that there is a strong federal policy favoring the arbitration of grievances, and that "courts are not to usurp those functions which collective-bargaining contracts have properly 'entrusted to the arbitration tribunal.' " (424 U.S. at pp. 562-563 [47 L.Ed.2d at p. 240].) To ensure finality of the arbitrator's decision, courts should not undertake to review the merits of arbitration awards. However, the policy favoring arbitration is premised upon fair and full representation by the employees' bargaining agent. The union, as the statutory representative of the employees in negotiating and administering collective bargaining agreements, is subject always to complete good faith and honesty of purpose in the exercise of its discretion. (424 U.S. at pp. 563, 564 [47 L.Ed.2d at pp. 240-241].) Where the union breaches its duty, as by refusing to utilize the contractual grievance and arbitration procedures, or by using them discriminatorily or in bad faith, the employee is relieved of an express or implied requirement that disputes be settled through contractual grievance procedures; if the union's breach of duty seriously undermines the

integrity of the arbitral process, it also removes the bar of the finality provisions of the contract (pp. 567-569 [47 L.Ed.2d pp. 243-244]). Where the employee's representation by the union has been dishonest, in bad faith, or discriminatory, an erroneous arbitration award cannot stand. In the court's view, "enforcement of the finality provision where the arbitrator has erred is conditioned upon the union's having satisfied its statutory duty fairly to represent the employee in connection with the arbitration proceedings. Wrongfully discharged employees would be left without jobs and without a fair opportunity to secure an adequate remedy" (p. 571 [47 L.Ed.2d pp. 245-246]). The Supreme Court held that if the employees prove an erroneous discharge and the union's breach of duty tainting the decision of the arbitration committee, they are entitled to an appropriate remedy against the employer as well as the union.

The federal arbitration statute contains a provision for the vacation of arbitration awards nearly identical to that contained in Code of Civil Procedure section 1286.2. (See 9 U.S.C. § 10.) Under federal procedure, a petition for vacation of an award must be filed within three months after the award is filed or delivered. (9 U.S.C. § 12; see also *International Bro. of Team., L.U. 249* v. *Motor Frgt. Exp., Inc.* (W.D.Pa. 1973) 356 F.Supp. 724, 725-726.) The suit in *Hines* was not brought as a petition to vacate the arbitrator's decision, but was a separate action for judicial enforcement of the collective bargaining agreement. The Supreme Court held that such suit was permissible, and did not relegate the employees to remedies under the federal arbitration statute. It does not appear in *Hines* that the employees made any attempt to vacate the arbitration award under the federal arbitration statute. The Supreme Court did not indicate that such failure barred their cause of action. Respondents urge that despite the Supreme Court's decision in *Hines,* California courts should apply the limitations provisions contained in Code of Civil Procedure section 1288.

■ ■■■By its terms, section 301 of the Labor Management Relations Act permits suit for violation of a collective bargaining agreement to be brought in federal court. (See fn. 3, *ante.*)[4] ■ However, in enacting section 301(a), Congress promulgated

---

[4]This provision is applicable only where the contract is between an employer and a labor organization representing employees in an industry affecting interstate commerce. (29 U.S.C. § 185.) Underground and Piombo are companies in the construction industry, which has been deemed an industry affecting interstate commerce within the meaning of the statute. (*N.L.R.B.* v. *International Union of Operating Engineers, L. 571* (8th Cir. 1963) 317 F.2d 638.) In enforcing the provisions of collective bargaining agreements where the agreements and activities of the parties affect interstate commerce, state courts exercise concurrent jurisdiction with federal courts. (*Dowd Box Co.* v. *Courtney* (1962)

more than a mere jurisdictional statute; it authorized the federal courts to create a body of federal law for the enforcement of collective bargaining agreements within the ambit of congressional power. (*Textile Workers Union* v. *Lincoln Mills* (1957) 353 U.S. 448, 456-457 [1 L.Ed.2d 972, 980-981, 77 S.Ct. 912].) In accord with the holding of *Lincoln Mills,* the California Supreme Court has declared that when state courts exercise concurrent jurisdiction with federal courts, they must, in adjudicating an action which could have been brought in the federal courts under section 301, apply federal substantive law. (*Butchers' Union Local 229* v. *Cudahy Packing Co.* (1967) 66 Cal.2d 925, 930-931 [59 Cal.Rptr. 713, 428 P.2d 849]; *O'Malley* v. *Wilshire Oil Co.* (1963) 59 Cal.2d 482, 486 [30 Cal.Rptr. 452, 381 P.2d 188].)

█ It has been held that in enforcing a federally created right through the application of federal substantive law, the state court may follow its own rules of procedure, unless those rules so subvert the federal right as to make it meaningless. (*Laufman* v. *Hall-Mack Co.* (1963) 215 Cal.App.2d 87, 89 [29 Cal.Rptr. 829, 94 A.L.R.2d 1068]; see also *Bohme* v. *Southern Pac. Co.* (1970) 8 Cal.App.3d 291, 297 [87 Cal.Rptr. 286].) A state rule of practice or procedure may not be employed with the substantive effect of defeating a federal right. (*Butchers Union* v. *Farmers Markets* (1977) 67 Cal.App.3d 905, 911 [136 Cal.Rptr. 894].) █ Thus, the crux of the instant case is whether California's statutory limitations on judicial review of arbitration awards effectively deprive appellant of his substantive rights under federal law, especially section 301 of the Labor Management Relations Act as applied and interpreted in *Hines* v. *Anchor Motor Freight* (1976) 424 U.S. 554 [47 L.Ed.2d 231, 96 S.Ct. 1048]. We conclude that they do.

We hold that the California arbitration statute may not be employed to preclude a suit against the employer and the union to set aside an arbitration award when it is alleged that the award was erroneous and the product of a dishonest, bad faith or discriminatory representation by the employee's union. Where a union has breached its duty of fair representation, the policy promoting finality of the arbitration award does not preclude a judicial action by the employee to enforce the collective bargaining agreement. (See *Margetta* v. *Pam Pam Corporation* (9th Cir. 1974) 501 F.2d 179.) Here, as in *Hines,* suit was commenced well after the limitation period for the commencement of actions to vacate an award. Such suit need not be commenced within 100 days from the date of the arbitration award. It would be governed by the normal

---

368 U.S. 502 [7 L.Ed.2d 483, 82 S.Ct. 519]; *Butchers Union* v. *Farmers Markets* (1977) 67 Cal.App.3d 905, 910 [136 Cal.Rptr. 894].)

statute of limitations for actions upon a contract or for fraud and deceit. (Code Civ. Proc., § 337.)

■ Respondents urge that appellant has not adequately alleged a cause of action against the employers and that the employee should be left with a cause of action against the union and its attorney only. However, in *Hines* it was undisputed that the employer was innocent of any culpability for the failure of the union to adequately represent the employees. Yet the arbitration award itself was subject to challenge, it being the holding of the Supreme Court that the arbitration process had been subverted and therefore, in fact, no valid arbitration had occurred. The fact that the employer may have been innocent of the subversion would not affect the invalidity of the arbitration proceedings. Under *Hines,* the allegations here are sufficient to give rise to a cause of action pursuant to section 301 of the Labor Management Relations Act. The allegations against the union alone would be sufficient to state a cause of action against the employer. (*Hines, supra,* 424 U.S. at pp. 569-570 [47 L.Ed.2d at pp. 244-245].) Here, however, we have additional allegations directly charging the employer with participating with the union and depriving the employee of his rights under the collective bargaining agreement.

■ Appellant has included a claim for exemplary damages in each cause of action. Civil Code section 3294 provides: "In an action for the breach of an obligation not arising from contract, where the defendant has been guility of oppression, fraud, or malice, express or implied, the plaintiff, in addition to the actual damages, may recover damages for the sake of example and by way of punishing the defendant." Appellant alleges generally that respondents acted maliciously and fraudulently. However, such allegations are without adequate specificity. " 'It is essential that the facts and circumstances which constitute the fraud should be set out clearly, concisely, and with sufficient particularity to apprise the opposite party of what he is called on to answer, and to enable the court to determine whether, on the facts pleaded, there is any foundation, prima facie at least, for the charge of fraud.' " (3 Witkin, Cal. Procedure (2d ed. 1971) § 574, pp. 2211, 2212.)

Judgment is reversed and the cause remanded with directions that appellant be given leave to amend his complaint as to the allegations

giving rise to punitive damages, and that the demurrer be otherwise overruled.

Draper, P. J., and Emerson, J.,* concurred.

Respondents petition for a hearing by the Supreme Court was denied July 14, 1977.

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.