[Civ. No. 26146. Fourth Dist., Div. One. Feb. 4, 1982.]

PRINTING SPECIALTIES AND PAPER PRODUCTS UNION, LOCAL 777, DISTRICT COUNCIL NO. 1, Plaintiff and Respondent, v.
LITTON FINANCIAL PRINTING CO., Defendant and Appellant.

COUNSEL

Jennie M. Crowley, Steven D. Fondiler and Charney K. Berger for Defendant and Appellant.

Van Bourg, Allen, Weinberg & Roger and David A. Rosenfeld for Plaintiff and Respondent.

OPINION

**WORK, J.**—Charging uncertainty and waiver, Litton Financial Printing Co. (Litton) appeals from a trial court's order confirming a labor arbitrator's award. For the reasons following, we uphold its judgment, find the arbitrator retains jurisdiction to determine the amounts due under his award, and order remand for such determination.

### Background

Printing Specialties and Paper Products Union, Local 777 (Union) and Litton have been parties to a collective bargaining agreement since October 6, 1974. In February 1977, a dispute arose between the two concerning the use of nonbargaining unit employees doing work which was, apparently, covered within the agreement. Pursuant to the agreement the matter was arbitrated and the arbitrator found in Union's favor.

His final award reads in relevant part: "The Company [Litton] having violated Section 29 of the collective bargaining agreement in February, 1977, the grievance is hereby sustained. The Company is directed to make whole those employees who would have performed the inventory work at that time, but for the Company's violation of the contract."

Since, however, there was insufficient evidence before him to determine the identity of those employees entitled to reimbursement or to accurately assess the amounts due, he remanded resolution of these questions to the parties, specifically purporting to reserve jurisdiction over the entire matter for a period of 30 days: "The appropriate remedy in this proceeding is for the Company to make whole those employees who would have performed the inventory work, but for the Company's violation of Section 29, in February, 1977. I will direct that remedy and will retain jurisdiction over this matter for a period of thirty days after issuance of the Opinion and Award. If the parties are unable to agree on the identity of the employees who are entitled to such reimbursement or the proper computation of the amount involved, either side may request that I conduct further proceedings to resolve those questions. If neither side makes such a request within thirty days, this matter will automatically be closed. . . .

"⋅ ⋅ ⋅ ⋅ ⋅ ⋅ ⋅ ⋅ ⋅ ⋅ ⋅ ⋅ ⋅ ⋅

"Jurisdiction is hereby retained by me over this matter for a period of thirty days after issuance of this Opinion and Award. If, during that period, neither party requests me to conduct further proceedings regarding the reimbursement remedy herein, this matter will automatically be closed."

When, on day 29 of the 30-day period, the questions remained unresolved and neither party had yet requested further proceedings, Litton sent a letter to Union stating it was preparing to petition the court to vacate the award and, moreover, they believed the arbitrator had no further jurisdiction over the matter. When Union later filed its petition to confirm the award, Litton argued it should be vacated on the ground of uncertainty and also objected to any remand to cure the indefiniteness, claiming Union had waived that remedy by failing to contact the arbitrator within the prescribed 30-day period.

The trial court confirmed the award without comment and without remand. Litton asserts, for the first time on appeal, that the arbitrator failed to determine all the issues before him (Code Civ. Proc., § 1283.4.),[1] and that California, rather than federal, law should control

---

[1] All references are to the Code of Civil Procedure section 1283.4 reads: "The award shall be in writing and signed by the arbitrators concurring therein. It shall include a determination of all the questions submitted to the arbitrators the decision of which is necessary in order to determine the controversy."

our resolution of the dispute. (*Safeway Stores, Inc.* v. *Brotherhood of Teamsters* (1978) 83 Cal.App.3d 430, 435-442 [147 Cal.Rptr. 835].) The choice of law is significant.

## Discussion

Pursuant to California case law, in the event the award and judgment are found to be uncertain, the award would also violate section 1283.4 requiring a determination of all questions submitted to the arbitrator, and the *entire* judgment would, necessarily, be reversed; "the cause ... remanded with directions to vacate ... and thereafter proceed in accordance with section 1287 ...."[2] (*M. B. Zaninovich, Inc.* v. *Teamster Farmworker Local Union 946* (1978) 86 Cal.App.3d 410, 416 [150 Cal.Rptr. 233]; cf. *Rodrigues* v. *Keller* (1980) 113 Cal.App.3d 838, 841-842 [170 Cal.Rptr. 349].)

Under applicable federal law, reversal of the entire matter would not be required—only remand to the arbitrator to cure the indefiniteness by computing the amount of back pay and those individuals to whom it is owed. (*Safeway Stores, Inc.* v. *Brotherhood of Teamsters, supra*, 83 Cal.App.3d 430, 435-442.) Moreover, with respect to the question of waiver, the difference is even more pronounced. California holds, "'where a contract provides that arbitration may be demanded within a stated time, failure to make demand within that time constitutes a waiver ...'" (*Butchers Union* v. *Farmers Markets* (1977) 67 Cal.App. 3d 905, 909 [136 Cal.Rptr. 894], quoting *Freeman* v. *State Farm Mut. Auto. Ins. Co.* (1975) 14 Cal.3d 473, 483 [121 Cal.Rptr. 477, 535 P.2d 341]), the occurrence of which is determined by the *court.* (*Butchers Union* v. *Farmers Markets, supra*, 67 Cal.App.3d 905, 909, citing *Freeman* v. *State Farm Mut. Auto. Ins. Co., supra*, 14 Cal.3d 473, 483; see also § 1281.2, subd. (a).)[3] On this point also, the federal rule differs—

[2]Section 1287 reads: "If the award is vacated, the court may order a rehearing before new arbitrators. If the award is vacated on the grounds set forth in subdivision (d) or (e) of Section 1286.2, the court with the consent of the parties to the court proceeding may order a rehearing before the original arbitrators. [¶] If the arbitration agreement requires that the award be made within a specified period of time, the rehearing may nevertheless be held and the award made within an equal period of time beginning with the date of the order for rehearing but only if the court determines that the purpose of the time limit agreed upon by the parties to the arbitration agreement will not be frustrated by the application of this provision."

[3]Section 1281.2 reads in relevant part: "On petition of a party to an arbitration agreement alleging the existence of a written agreement to arbitrate a controversy and that a party thereto refuses to arbitrate such controversy, the court shall order the peti-

leaving to the arbitrator *alone* determination of whether a party seeking arbitration has properly complied with established procedures—including questions of waiver and/or estoppel. (*Butchers Union* v. *Farmers Markets, supra,* 67 Cal.App.3d 905, 910.) Federal standards should be applied if Litton is an industry affecting interstate commerce. (See *id.,* at p. 910; *Safeway Stores, Inc.* v. *Brotherhood of Teamsters, supra,* 83 Cal.App.3d 430, 435-436.)

Litton's claim California, rather than federal, law should control is based *solely* on the fact Union did not allege the company was engaged in interstate commerce.[4]

■ As a general rule, an appellate court will not consider a matter raised for the first time on appeal. (*Bayside Timber Co.* v. *Board of Supervisors* (1971) 20 Cal.App.3d 1, 4-5 [97 Cal.Rptr. 431]; see 6 Witkin, Cal. Procedure (2d ed. 1971) Appeal § 276, p. 4264.) And, although there are certain exceptions to this rule, when the newly presented issue involves a controverted question of fact or a mixed question of law and fact, a reviewing court should always refrain from considering it (*Barton* v. *Owen* (1977) 71 Cal.App.3d 484, 491 [139 Cal. Rptr. 494]), accepting as true the lower court's finding whether express or implied.

Since Litton has never alleged a solely intrastate effect, we follow the trial court's implied finding that federal standards govern both the uncertainty and waiver issues.

### The Confirmed Award Is Not Uncertain

■ "A *definite* award is one which is certain and decisive as to the matter submitted, so as to avoid further litigation. [Citations.] ... A *final* award is one which conclusively determines the matter submitted, leaving nothing to be done but to execute and carry out the terms of the award. [Citations.]" (*Ulene* v. *Murray Millman of California* (1959) 175 Cal.App.2d 655, 662-663 [346 P.2d 494].)

---

tioner and the respondent to arbitrate the controversy if it determines that an agreement to arbitrate the controversy exists, unless it determines that: [¶] (a) The right to compel arbitration has been waived by the petitioner ...."

[4]On the record before us, it is apparent Litton has not only refused to disclaim an interstate effect on appeal, but did not raise the question below.

Here, the question submitted to the arbitrator was: "Did the Company [Litton] violate the collective bargaining agreement by assigning certain non-bargaining-unit employees to do inventory work in February, 1977?

"If so, what is the remedy?" The arbitrator sustained Union's grievance finding, "[T]he Company [Litton] . . . violated the collective bargaining agreement," and directed it "to make whole those employees who would have performed the inventory work, but for . . . [its] violation . . . ." Even though he then remanded the particularities of his reimbursement remedy to the parties themselves, in light of his additional specific 30-day retention of jurisdiction, this fact alone does not render the award uncertain.

Litton's authorities are inapposite. *Kittle* v. *Lang* (1951) 107 Cal. App.2d 604 [237 P.2d 673], involved a simple breach of contract action without the labor arbitration or grievance setting; and in neither *Safeway Stores, Inc.* v. *Brotherhood of Teamsters, supra*, 83 Cal.App. 3d 430, nor *M. B. Zaninovich, Inc.* v. *Teamster Farmworker Local Union 946, supra*, 86 Cal.App.3d 410, where the courts found arbitration awards incomplete,[5] was there any indication the arbitrator there had *specifically* asked the parties to compute the actual reimbursement amounts and identify the individuals entitled to them, while specifically retaining jurisdiction in the event they were unable to resolve the questions themselves.[6] These added factors, in our view, render the confirmed award definite and certain.

However, the amount of the award and the persons to whom it is payable has not been determined. If the arbitrator retains jurisdiction, the proper and practical course is to remand these issues to him for computation and identification. (*Safeway Stores, supra*, 83 Cal.App.3d at p. 442.) Further, if there has been no loss of jurisdiction, Litton's claim of waiver and Union's assertion of estoppel are not relevant.

---

[5]The court in *Safeway* found the award was certain even though the specific backpay amounts due the employees remained unfixed (*Safeway Stores, Inc.* v. *Brotherhood of Teamsters, supra*, 83 Cal.App.3d 430, 435, 438, 439), while in *Zaninovich*, as here, both the amount of backpay and those individuals to whom it was owed had not been itemized.

[6]Moreover, in *Zaninovich* the specific question submitted for arbitration read, "*How much*, if any, is owing by the Company to the Union for such violation or violations of Section 3 of the Agreement?" (*M. B. Zaninovich, Inc.* v. *Teamster Farmworker Local Union 946, supra*, 86 Cal.App.3d 410, 413; italics added.)

Here the arbitrator's self-imposed, jurisdictional time limit was a unilateral act without any agreement or stipulation of the parties. His powers, including the right to limit the scope of his jurisdiction, may only be derived from the arbitration agreement or by stipulation or submission. "[H]e has no power to determine issues not submitted to him and he must decide all issues which are submitted." (*Ulene* v. *Murray Millman of California, supra*, 175 Cal.App.2d 655, 661.)

Such an arbitrary "self-destruct" device would permit foreclosure of an arbitration without complete issue resolution. It did so here and, four years later, the simple computations are still not settled.

The judgment is affirmed, and the trial court is directed to remand the matter to the arbitrator to determine the identity of those employees entitled to compensation and the amounts due each.

Cologne, Acting P. J., and Staniforth, J., concurred.