[Civ. No. 54506. First Dist., Div. Three. May 14, 1982.]

SAN JOSE FEDERATION OF ADULT EDUCATION TEACHERS, LOCAL 957, CFT/AFT, AFL-CIO, Petitioner, v. THE SUPERIOR COURT OF SANTA CLARA COUNTY, Respondent; SAN JOSE UNIFIED SCHOOL DISTRICT, Real Party in Interest.

**COUNSEL**

Van Bourg, Allen, Weinberg & Roger and Stewart Weinberg for Petitioner.

No appearance for Respondent.

Margaret E. O'Donnell, Gregory J. Dannis and Breon, Galgani, Godino & O'Donnell for Real Party in Interest.

**OPINION**

**SCOTT, J**—Petitioner, San Jose Federation of Adult Education Teachers, Local 957, CFT/AFT, AFL-CIO, petitioned this court to set aside a trial court's order vacating an arbitration award. The real party in interest is the San Jose Unified School District (hereafter District).

Petitioner is the collective bargaining representative of certain certificated teaching employees of the District. During the period of a

collective bargaining agreement between the parties, a grievance arose concerning the assignment of Dorothy L. Wright, a certificated employee within the bargaining unit represented by petitioner. Her grievance concerned a position she was offered as instructor for school bus drivers. She had been offered a position teaching evening classes, but because of a mixup Richard Chavoya, the Saturday instructor, had been assigned to teach her classes. Ms. Wright's grievance was submitted to arbitration under provisions set forth in the collective bargaining agreement.

The issue submitted to the arbitrator was "Whether or not the District has violated the Agreement, specifically [sections related to posting job announcements and the applicant selection process], by the manner in which it filled the School Bus Driver position for the 1980-81 school year and, if so, what shall be the remedy?"

The arbitrator resolved the grievance in favor of the employee and union. As a remedy he ordered that Ms. Wright be made whole by (1) receiving full salary as if she had taught the course, and by (2) receiving priority to teach the course the next time it was offered. The arbitrator purported to retain jurisdiction over both portions of the remedy by (1) remanding computation of wages due to the parties, "the Arbitrator retaining jurisdiction to determine that amount in the event the Parties cannot agree," and (2) specifying that in the event of any dispute with respect to Ms. Wright's priority in teaching the class when next offered, "The Arbitrator retains jurisdiction . . . ."

The District thereafter petitioned the superior court to vacate the arbitration award. The District claimed that retention of jurisdiction exceeded the arbitrator's authority and that the arbitrator had no right to give the employee priority over Mr. Chavoya since he was not a party to the arbitration.

The trial court vacated the arbitration award on the ground that the award rendered by the arbitrator was in excess of his authority. (Code Civ. Proc., § 1287.)

■ The extent of an arbitrator's authority is governed by the underlying agreement and by the dispute submitted by the parties. (See *Delta Lines, Inc.* v. *International Brotherhood of Teamsters* (1977) 66 Cal. App.3d 960, 965-966 [136 Cal.Rptr. 345].)

■ The District argues that the arbitrator exceeded the scope of his submission and violated the terms of the agreement by attempting to exercise equitable powers to retain jurisdiction over the remedy. The District cites the decision in *Allen* v. *Interinsurance Exchange* (1969) 275 Cal.App.2d 636 [80 Cal.Rptr. 247] for the proposition that the arbitrator possessed no equitable powers. In *Allen*, the arbitration clause in an insurance policy permitted the arbitrator to decide whether the insured would be "legally entitled" to damages. Without such a clause, the statement in *Sapp* v. *Barenfeld* (1949) 34 Cal.2d 515, 523 [212 P.2d 233], that "Arbitrators, unless specifically required to act in conformity with rules of law, may base their decision upon broad principles of justice and equity, and in doing so may expressly or impliedly reject a claim that a party might successfully have asserted in a judicial action," would have applied. However, the *Allen* court concluded that the "legally entitled" restriction barred the arbitrator from exercising equitable powers.

The District points to section 6349 of the agreement as providing a similar restriction upon the powers of the arbitrator here. That section provides: "Nothing in the foregoing shall be construed to empower the arbitrator to make any decision amending, changing, subtracting from, or adding to the provisions of this Agreement, or empower the arbitrator to render any decision or make any adjustment which is contrary to law." The District attempts to equate the prohibition against rendering a decision contrary to law with the *Allen* requirement that the arbitrator decide if the insured was "legally entitled" to damages.

*Allen*, however, is distinguishable. The *Allen* restriction permitted the arbitrator to award damages only in accordance with legal principles. Here, the contract provision permits the decision to be made on any basis, so long as the ultimate decision is not "contrary to law." Thus, the inquiry here is not into whether the arbitrator exercised legal or equitable powers, but into whether his ultimate decision contradicts established law. If an arbitrator's retention of jurisdiction over computation and enforcement of the award is proper under the law, it is also proper under the agreement.

The District contends that retention of jurisdiction violates both section 6347 of the agreement and state law. Section 6347 provides: "The decision of the arbitrator, if made in accordance with his/her authority and jurisdiction under this Agreement, shall be final and binding." The District argues that by retaining jurisdiction, the arbitrator issued an

award which could not be considered final and binding. It contends that when the award was rendered, the arbitrator exhausted his jurisdiction and jurisdiction transferred to the court; by purporting to retain jurisdiction, the arbitrator has attempted to oust the court from its jurisdiction over the award. We disagree.

 Code of Civil Procedure section 1283.4 provides, in pertinent part, that "... It [the award] shall include a determination of all the questions submitted to the arbitrators the decision of which is necessary in order to determine the controversy." The District cites *M. B. Zaninovich, Inc.* v. *Teamster Farmworker Local Union 946* (1978) 86 Cal. App.3d 410 [150 Cal.Rptr. 233] for the proposition that the arbitrator here did not determine all the questions submitted and that the trial court properly set aside the award.

In *Zaninovich*, the arbitrator concluded that the employer should have continued a union dues checkoff plan, but he failed to determine the amount owed the union because of the employer's missed payments. The trial court upheld the award, but on appeal the *Zaninovich* court concluded that the arbitrator had issued a fatally uncertain award violating the requirement of Code of Civil Procedure section 1283.4 that the award determine all the questions submitted.

A critical distinction between *Zaninovich* and this case is that there the question submitted was, "How much, if any, is owing by the Company to the Union ...?" Here, the issue was stated more generally as, "[If there has been a violation], what shall be the remedy?" The arbitrator answered that the remedy would be to make Ms. Wright "whole" financially and give her priority in teaching the class when next offered. What was missing was only a calculation of the lost wages.

It is, therefore, clear that the arbitrator decided all questions submitted to him. The only question remaining is whether the arbitrator had the authority to retain jurisdiction over the implementation and enforcement of his decision as to the amount of lost wages. The District's contention that the arbitrator's award had become final and, therefore, that he lost jurisdiction is misplaced. Obviously, the award does not become final until the calculation of the amount of lost wages has been in fact made. (See *MacDonald* v. *San Diego State University* (1980) 111 Cal.App.3d 67 [168 Cal.Rptr. 392]; *Printing Specialties & Paper Products Union* v. *Litton Financial Printing Co.* (1982) 129 Cal.App.3d 100 [181 Cal.Rptr. 6].)

We conclude that the arbitrator did not exceed his powers when he retained jurisdiction to determine the amount of pay owing to the grievant in the event the parties could not agree.

The District contends that the arbitrator improperly rendered a decision as to the grievant's priority of teaching rights when an affected person was not a party to the arbitration proceedings. The District argues, therefore, that that remedy ordered by the arbitrator was in excess of his jurisdiction. We disagree.

Under section 10410 of the agreement, assignment priority goes to "A non-probationary teacher who has taught a class the previous two (2) semesters to the satisfaction of the District ... unless it is necessary for the District to assign a probationary or permanent teacher to that class." The arbitrator did not address the claim that Mr. Chavoya had assignment priority under section 10410, but merely referred to Mr. Chavoya as an "interloper" and noted that he had shown a "belated interest in the job" Ms. Wright had been promised.

The District argues that the arbitrator had no authority to determine the rights and obligations of one who was not a party to the arbitration proceedings. The District cites *Unimart* v. *Superior Court* (1969) 1 Cal.App.3d 1039 [82 Cal.Rptr. 249] as authority for that contention. In *Unimart*, the trial court ordered Unimart to arbitrate with the union the question of whether a new discount store called Two Guys was in fact an additional store covered by the bargaining agreement between Unimart and the union. Finding that any award against Unimart would affect Two Guys, the appellate court determined that the trial court erred in ordering arbitration. Whether the agreement could be applied to the third party was a factual question which had to be decided in a proper court proceeding where the third party could be joined and the issue of ownership and control could be resolved.

The distinction between *Unimart* and this case is that in *Unimart* the subject of the arbitration was the rights and obligations of the absent third party. The arbitrator's decision would have a direct effect upon the third party. Here, the subject of the arbitration is Ms. Wright's entitlement to teach the class she was offered. The effect upon Mr. Chavoya is an indirect effect, much like that experienced by the junior employees when a seniority decision is made or by employees performing a job found to be within the exclusive domain of a particular union. (See, e.g., *Printing Specialties & Paper Products, Inc.* v. *Litton Finan-*

**868**

---

*cial Printing Co., supra*, 129 Cal.App.3d 100.) The fact that the arbitrator's decision might have an indirect effect upon others does not deprive the arbitrator of authority to provide relief for a party to the arbitration. If, as may be the case here, the employer's improper action has given false hopes to another employee, the employer may be required to suitably compensate that employee for dashing the hopes. The employee originally grieved cannot be denied her remedy solely on the ground that in the interim the employer has filled her place. We conclude, therefore, that the failure to join Mr. Chavoya in the proceedings did not deprive the arbitrator of jurisdiction to order the questioned remedy.

■ We also conclude that the retention of jurisdiction over the issue of the grievant's entitlement to priority in teaching was unnecessary and improper. The remedy is self-executing. Therefore, the retention of jurisdiction was surplusage and should be stricken by the trial court. (See Code Civ. Proc., § 1286.6.)

Let a peremptory writ issue, directing the trial court to vacate its prior order and to enter an order correcting the award as to item No. 4 thereof, and confirming the award as corrected.

White, P. J., and Feinberg, J., concurred.